## McMAHON v. UNITED STATES et al.

No. 17.   Argued October 17, 1951.—Decided November 5, 1951.

*Paul M. Goldstein* argued the cause and filed a brief for petitioner.

*Leavenworth Colby* argued the cause for respondents. With him on the brief were *Solicitor General Perlman, Assistant Attorney General Baldridge, Paul A. Sweeney* and *Herman Marcuse.*

Mr. Justice Jackson delivered the opinion of the Court.

Petitioner, a seaman, brought this suit in admiralty alleging in the first count a cause of action based on negligence and unseaworthiness, while in the second

count he sought maintenance and cure. He alleged the actionable wrongs to have taken place in November and December of 1945, but he did not file his libel until January 22, 1948.

The Act which gives to seamen employed by the United States on government-owned vessels the same rights as those employed on privately owned and operated American vessels provides that claims like those of the petitioner, ". . . if administratively disallowed in whole or in part . . .," may be enforced pursuant to the provisions of the Suits in Admiralty Act.[1] That Act in turn provides that any suit thereunder ". . . shall be brought within two years after the cause of action arises. . . ."[2] Courts of Appeals have rendered conflicting decisions as to whether the date of injury or the date of disallowance of the claim commences the period of limitation. The District Court dismissed this petitioner's complaint on the ground set up by the Government that it was not filed within two years from the dates of his injuries.[3] The Court of Appeals for the Third Circuit affirmed on the same ground, adhering to its view expressed in an earlier case, and, it subsequently developed, in agreement with the Court of Appeals for the Second Circuit.[4]

The contention of the petitioner is that he could not sue until his claim had been administratively disallowed, and that he had no "cause of action" until he could sue. Accordingly, he argues that the period of limitations cannot start to run until his claim has been adminis-

---

[1] Clarification Act of March 24, 1943, § 1 (a), 57 Stat. 45, 50 U. S. C. App. § 1291 (a).

[2] Suits in Admiralty Act, § 5, 41 Stat. 526, 46 U. S. C. § 745.

[3] 91 F. Supp. 593.

[4] 186 F. 2d 227; *Rodinciuc* v. *United States,* 175 F. 2d 479, 481 (C. A. 3d Cir.); *Gregory* v. *United States,* 187 F. 2d 101, 103 (C. A. 2d Cir.).

tratively disallowed because only then does his "cause of action" arise. In his support he points to *Thurston v. United States*, 179 F. 2d 514, in which the Court of Appeals for the Ninth Circuit held in accord with his present contentions.

We find ourselves unable to agree with petitioner and the Ninth Circuit, for we think it clear that the proper construction of the language used in the Suits in Admiralty Act is that the period of limitation is to be computed from the date of the injury. It was enacted several years before suits such as the present, on disallowed claims, were authorized. Certainly during those years the limitation depended upon the event giving rise to the claims, not upon the rejection. When later the right to sue was broadened to include such claims as this, there was no indication of any change in the limitation contained in the older Act. While, as the court below pointed out, legislation for the benefit of seamen is to be construed liberally in their favor, it is equally true that statutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign.[5] Since no time is fixed within which the seaman is obliged to present his claim, under petitioner's position he would have it in his power, by delaying its filing, to postpone indefinitely commencement of the running of the statute of limitations and thus to delay indefinitely knowledge by the Government that a claim existed. We cannot construe the Act as giving claimants an option as to when they will choose to start the period of limitation of an action against the United States. Accordingly, we hold that the statute of limitations runs from the date of the injury, and affirm the court below.

---

[5] *United States* v. *Michel,* 282 U. S. 656, 659; *United States* v. *Shaw,* 309 U. S. 495, 500–501; *United States* v. *Sherwood,* 312 U. S. 584, 586–587.

It is to be observed that the regulations applicable to the filing of such a claim provide that, if it is not rejected in writing within sixty days from filing, it shall be presumed to have been administratively disallowed and the claimant shall be entitled to enforce his claim.[6] The record filed with us does not disclose when petitioner's claim was filed or, with precision, when it was disallowed. In view of that state of the record making it uncertain whether the point would have any effect on the outcome and the fact that petitioner has not raised the point, we find it inappropriate to consider whether the statute of limitations is tolled for a maximum of sixty days while a claim is pending and not disallowed either by notice or by operation of the regulations.

*Affirmed.*

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS think that, for reasons stated in *Thurston* v. *United States,* 179 F. 2d 514, the statute of limitations did not begin to run until the claim was disallowed and would therefore reverse this judgment.

MR. JUSTICE MINTON took no part in the consideration or decision of this case.

---

[6] General Order 32, Administrator, War Shipping Administration, 8 Fed. Reg. 5414, 46 CFR § 304.26.