730 F.2d 94
 14 Envtl. L. Rep. 20,076
 MORRIS COUNTY TRUST FOR HISTORIC PRESERVATION, Morris County
Historical Society, and Robert Thompson
v.
PIERCE, Samuel R., in His Capacity as Secretary of the
United States Department of Housing and Urban Development;
Town of Dover Redevelopment Agency, a body corporate and
politic of the State of New Jersey; and Frank Dill, in His
Capacity as Building Inspector of the Town of Dover.
Appeal of Samuel R. PIERCE, Secretary of Housing and Urban
Development.
 No. 82-5656.
 United States Court of Appeals,
Third Circuit.
 Submitted Dec. 7, 1983.
Decided Dec. 29, 1983.
 
 W. Hunt Dumont, U.S. Atty., Lorraine S. Gerson, Asst. U.S. Atty., Newark, N.J., Carol E. Dinkins, Asst. Atty. Gen., Peter R. Steenland, Jr., Martin Green, Attys. Dept. of Justice, Washington, D.C., for appellants.
 Mark L. First, Jamieson, McCardell, Moore, Peskin & Spicer, Trenton, N.J., for appellees.
 Before SEITZ, Chief Judge, SLOVITER, Circuit Judge, and POLLAK, District Judge.*
 OPINION OF THE COURT ON MOTION FOR ATTORNEYS' FEES
 SEITZ, Chief Judge.
 
 
 1
 This is a decision on plaintiffs-appellees contested motion filed in this court seeking the award of attorneys' fees and costs solely for services rendered by them in their successful appellate defense of the judgment obtained in the district court. We ruled that the district court correctly enjoined the demolition of the Old Stone Academy until the Secretary of the United States Department of Housing and Urban Development (HUD) conducts an historical and cultural resource review pursuant to section 106 of the National Historic Preservation Act (NHPA), 16 U.S.C. Sec. 470, et seq. (1976 & Supp.1982) and an environmental clearance pursuant to the National Environmental Policy Act (NEPA), 42 U.S.C. Sec. 4321 et seq. (1976). Morris County Trust for Historic Preservation v. Pierce, 714 F.2d 271 (3d Cir.1983).
 
 
 2
 Plaintiffs' motion cites Sec. 305 of the NHPA as the basis for its request. That section provides:
 
 
 3
 In any civil action brought in any United States district court by any interested person to enforce the provisions of section 470 to 470a, 470b, and 470c to 470w-6 of this title, if such person substantially prevails in such action, the court may award attorneys' fees, expert witness fees, and other costs of participating in such action, as the court deems reasonable. [emphasis added]
 
 
 4
 HUD opposes the motion on the ground that the emphasized language in Sec. 305 of NHPA does not authorize an award of appellate attorneys' fees and costs. More explicitly, it contends that the language in Sec. 305 that permits the awarding of fees and costs "in any United States district court" limits recovery to fees and costs incurred in the district court.
 
 
 5
 Since there is no meaningful legislative history regarding Sec. 305, we must construe it without being guided by statements of Congressional intent. We approach this task with an appreciation that Sec. 305, because it involves a waiver of the federal government's sovereign immunity, must be strictly construed in the government's favor. Cf. McMahon v. United States, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951). Nonetheless, this strict construction should not ascribe a fanciful intent to Congress. If HUD is correct that a successful party can receive fees under Sec. 305 only for services rendered in the district court, it would mean that a party who sues HUD and loses in the district court would not be entitled to fees and costs even though that party prevailed on appeal. That consequence is so lacking in logic that unless the language of the statute leaves us no alternative we are unwilling to say that Congress intended it.
 
 
 6
 A careful reading of section 305 shows that its language does not foreclose us from awarding attorneys' fees for proceedings on appeal. The statute does refer only to actions brought in a United States district court. However, we do not believe that Congress intended such language to limit awards of counsel fees to those incurred during proceedings in the district court, even where there are further proceedings on appeal. There is no language that expressly excludes payment for services incurred in the Court of Appeals, and had that been the intention of Congress it would have been easy to say so. Indeed, it is not improbable that the language relied on by HUD was intended instead to exclude awards of fees for services rendered in non-judicial proceedings.
 
 
 7
 HUD emphasizes that Sec. 305 speaks of "in such action, the court may award * * * fees and other costs for participating in such action, as the court deems reasonable." HUD also contends that its position is validated by comparing Section 305 with the Equal Access to Justice Act (EAJA), Pub.L. No. 96-481, 94 Stat. 2325, 28 U.S.C. 2412. HUD says that the language in EAJA, "any court having jurisdiction of such action," includes an appellate court. In contrast, it says, Sec. 305 only speaks of the district court. We do not accept either of HUD's arguments. In both cases the language of Sec. 305 merely identifies the action in which fees for services are authorized, viz., actions initiated in a United States district court. We conclude that Sec. 305 of NHPA permits the recovery of fees and costs for successful services rendered in a court of appeals, if otherwise reasonable.
 
 
 8
 We next consider whether the language "the court" in Sec. 305 permits a court of appeals to award fees and costs for services in the court of appeals or whether the award for appellate services must be made by the district court. We think a reasonable construction of the pertinent language of Sec. 305 permits a court of appeals to make an award for services rendered in that court. Such a conclusion does not mean that this court is not free to adopt whatever procedures it deems appropriate to render fee awards in particular cases.
 
 
 9
 HUD contends that even if fees are authorized, the moving party's application here is insufficiently documented under the standards set out in Hensley v. Eckerhart, --- U.S. ----, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), and Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3d Cir.1973), and its progeny. We agree. Subject to the parties reaching an agreement on the fee to be awarded, we will direct the moving party to file a sworn supplement to its application within 15 days of the order to be entered hereon which details in the requisite manner the services in this court for which compensation is sought. HUD's response, if any, will be due within 15 days after the movant's sworn supplement is filed. Once a proper supplement and any response to it have been filed, this court will determine the nature of further proceedings.
 
 
 10
 An order will be entered in accordance with this opinion.
 
 
 
 *
 Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation