**INTREPID, Plaintiff,**

v.

**Mamie E. POLLOCK, District Director of Customs, and United States of America, Defendants.**

**Court No. 88–04–00279.**

United States Court of International Trade.

May 2, 1989.

---

Holland & Knight, David H. Baker, as newly substituted counsel and Peter S.

Herrick, Washington, D.C., counsel until April 21, 1989, for plaintiff.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., Velta A. Melnbrencis, Washington, D.C., Tanya Potter, Atty.–Advisor, Office of Chief Counsel for Import Administration, U.S. Dept. of Commerce, of counsel, for defendants.

## OPINION AND ORDER

TSOUCALAS, Judge:

In this 28 U.S.C. § 1581(i) (1982) action, plaintiff moves pursuant to Rule 15(a) of the Rules of the United States Court of International Trade for leave to amend its complaint. Plaintiff thereby seeks to contest the affirmative determination of the International Trade Administration of the Department of Commerce (ITA) concerning the scope of an antidumping duty order. Defendants contend the determination must be separately challenged in a suit pursuant to 28 U.S.C. § 1581(c) (1982). The Court concurs with defendants' position and dismisses the action.

### Background

Plaintiff Intrepid imported three entries of certain welded steel pipes from Thailand in July of 1987, January of 1988, and February of 1988. The United States Customs Service (Customs) was directed by the ITA to collect cash deposits for estimated duties against these entries consistent with the ITA's determinations in the *Final Affirmative Countervailing Duty Determination and Countervailing Duty Order; Certain Circular Welded Carbon Steel Pipes and Tubes From Thailand*, 50 Fed.Reg. 32,751 (Aug. 14, 1985), and the *Antidumping Duty Order; Circular Welded Carbon Steel Pipes and Tubes From Thailand*, 51 Fed.Reg. 8341 (Mar. 11, 1986). On February 24, 1988, plaintiff made a request to the ITA for exclusion of its steel pipes from the scope of the antidumping duty order.

While the ITA was considering this request, plaintiff commenced the present action on April 12, 1988, pursuant to 28 U.S. C. § 1581(i), to enjoin Customs from collecting cash deposits, as opposed to requiring a bond, for estimated antidumping or countervailing duties on plaintiff's entries of steel pipes. Plaintiff claimed that the outstanding countervailing and antidumping duty orders do not cover its imported steel pipes. On April 15, 1988, this Court denied the motion for injunctive relief because plaintiff failed to meet the requisite standard. The action became moot, however, because defendants subsequently permitted plaintiff to post a bond in place of making cash deposits for estimated duties.

On January 19, 1989, the ITA determined that plaintiff's merchandise are includable within the scope of the outstanding antidumping duty order. Plaintiff received a facsimile copy of the determination on January 23, 1989. Rather than contesting this determination in a new action, plaintiff filed a motion on February 2, 1989 for leave to amend its complaint in the mooted action. Plaintiff also moved on February 23, 1989 for a preliminary injunction staying liquidation of the three entries of imported merchandise in question. A hearing was held on March 7, 1989, at the conclusion of which the Court denied injunctive relief and reserved decision on the remaining motion for leave to amend the complaint.

On March 14, 1989, plaintiff made an amended motion for leave to amend the complaint, ostensibly for the purpose of clarifying its allegations against the ITA's affirmative scope decision. Plaintiff states, *inter alia*, that its claim is against the ITA, rather than Customs, and since the cash deposits issue has become moot, Mamie E. Pollock, District Director of Customs, should be dismissed as a party to the amended complaint.

On April 21, 1989, plaintiff notified the Court that David H. Baker of Holland & Knight substituted for Peter S. Herrick as attorney of record for plaintiff and made, through substituted counsel, a motion for stay of proceedings. On May 1, 1989, plaintiff made a motion for leave to file a second amended complaint.

**214**

## DISCUSSION

■ 28 U.S.C. § 1581(a)-(i) outlines the jurisdiction of the United States Court of International Trade. Subsections (a)-(h) endow the Court with exclusive jurisdiction over specific types of civil actions. Subsection (i) provides residual jurisdictional authority, but it "may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed.Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 773, 98 L.Ed. 2d 859 (1988).

19 U.S.C. § 1516a(a)(2) (1982 & Supp. V 1987) provides that the ITA's scope determination is subject to judicial review in an action commenced pursuant to 28 U.S.C. § 1581(c) by filing a summons "[w]ithin *thirty days after* ... the date of mailing of" such determination. 19 U.S.C. § 1516a(a)(2)(A) (emphasis supplied). Plaintiff thus had the opportunity to attack the ITA's scope determination pursuant to 28 U.S.C. § 1581(c), and receive full relief thereunder if the ITA had committed an error. In view of the specific statutory remedy available, the ITA's determination cannot be challenged by amending the complaint in a moot 28 U.S.C. § 1581(i) action.

The ITA's determination cannot be contested through the procedure plaintiff seeks for the further reason that the present action was commenced on April 12, 1988, *over nine months before* the ITA notified plaintiff of the ruling in question. As already stated, the statute stipulates that the action be instituted *within thirty days after* the notification of the ITA's scope decision.

■ Even if the Court were disposed to grant plaintiff's motion for leave to amend the complaint, such motion would nonetheless warrant denial because the statutory time period for contesting the ITA's scope ruling had expired on February 23, 1989, thirty days after plaintiff's receipt of a facsimile copy of the ITA's determination on January 23, 1989. *See* 19 U.S.C. § 1516a(a)(2). In suits involving the United States, statutes of limitation must be strictly construed to favor the sovereign. *See McMahon v. United States*, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26 (1951); *Georgetown Steel Corp. v. United States*, 801 F.2d 1308 (Fed.Cir.1986). The Court thus cannot accept the argument that an action pursuant to 28 U.S.C. § 1581(c) was not commenced because 19 U.S.C. § 1516a(a)(2)(A)(ii) states that notice of the scope determination be mailed, as opposed to transmitted through other means.

Plaintiff has not alleged any plausible justification for tolling the thirty-day statute of limitation contained in 19 U.S.C. § 1516a(a)(2)(A). Under the circumstances, plaintiff has only itself to blame for any harsh consequence arising from its choice not to follow the statutory scheme.

In light of the above, plaintiff's motion for leave to amend the complaint, as well as amended motion for leave to amend the complaint and motion for leave to file a second amended complaint, are hereby denied in all respects, and the action is dismissed.

SO ORDERED.