Paul M. DiMURA, Plaintiff,

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

Civ. A. No. 92–12084–T.

United States District Court, D. Massachusetts.

June 2, 1993.

Ernest C. Hadley, Wareham, MA, for plaintiff.

Suzanne E. Durrell, U.S. Attys. Office, Boston, MA, Elizabeth A. Pugh, Kenneth L. Doroshow, U.S. Dept. of Justice Civ. Div., Washington, DC, for defendants.

## MEMORANDUM

TAURO, Chief Judge.

Plaintiff, Paul M. DiMura, a special agent with the Federal Bureau of Investigation ("FBI"), brings this action against the FBI, the United States Department of Justice and the United States Attorney for the District of Massachusetts, alleging that defendants violated the Privacy Act of 1974 (the "Act"), 5 U.S.C. § 552a, by disclosing to the press certain information concerning an incident between plaintiff and a federal judicial nominee whom plaintiff was assigned to investigate. Plaintiff seeks $100,000 in damages for embarrassment and mental anguish he claims to have suffered as a result of the alleged disclosure.[1] Presently before the court is defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### I

### Background

In April 1992, plaintiff was assigned to conduct the background investigation of Wal-

ter Prince, a prominent lawyer in Boston who had recently been nominated for a federal judge position. During the course of this investigation, plaintiff asserts that he had great difficulty arranging a personal interview with Mr. Prince. According to plaintiff, Mr. Prince failed to return several phone calls placed to his office and missed numerous scheduled interviews. Eventually, Mr. Prince did meet with plaintiff for an interview, but plaintiff alleges that even in person he found Mr. Prince to be uncooperative.

Following the interview, and as a routine part of the investigation, plaintiff took Mr. Prince's fingerprints. While plaintiff was processing the fingerprints, Mr. Prince inquired if anything else was required of him. Plaintiff, who claims he intended his response to be only facetious, replied that a footprint from Mr. Prince was also necessary. Mr. Prince then removed his shoe and sock and plaintiff proceeded to take an inked impression of Mr. Prince's foot. Plaintiff now alleges that once Mr. Prince had removed his shoe and sock, plaintiff did not know what else to do, and that his taking of Mr. Prince's footprint was intended merely as a practical joke.

Upon learning of the footprinting incident, the FBI commenced an internal administrative inquiry into plaintiff's conduct. At the close of its inquiry on June 3, 1992, the FBI disciplined and reprimanded plaintiff for his "abominable lack of judgment, maturity, professionalism, and sensitivity ..." in subjecting a federal judicial nominee to such an unauthorized and demeaning procedure.

By July 18, 1992, reports of the footprinting incident began to appear in Boston newspapers. Although the initial newspaper reports did not identify plaintiff by name, on July 21, 1992, the *Boston Herald* identified plaintiff as the FBI agent responsible for taking the footprint. This and subsequent articles in both the *Boston Herald* and the *Boston Globe* also outlined the terms of the disciplinary action taken by the FBI against plaintiff.

---

1. Plaintiff also seeks attorneys' fees and costs.

Plaintiff's complaint alleges that he suffered emotional injuries as a result of defendants' disclosure of his identity and involvement in the footprinting incident. Plaintiff contends that the press obtained the information about him from records within defendants' files, and that this information was improperly made available by defendants' employees.

## II

### Analysis

Section 552a(b) of the Act generally prohibits the government from disclosing personal information about citizens without their consent. 5 U.S.C. § 552a(b); *Federal Labor Relations Auth. v. Department of Navy*, 941 F.2d 49, 52 (1st Cir.1991). When a government agency violates this prohibition, the Act authorizes citizens to file civil suits against the agency, 5 U.S.C. § 552a(g)(1)(D), limiting the available remedies to "actual damages." [2]

In support of their motion to dismiss, defendants contend that damages for emotional injuries stemming from a claim of unlawful disclosure do not constitute "actual damages" under the Act and, therefore, that this suit must be dismissed for failure to state a claim upon which relief can be granted.

### A. *"Actual Damages" under the Privacy Act*

■ The issue of the scope of damages available under the Act is one of first impression in this Circuit. Two contrasting interpretations of "actual damages" exist. In *Johnson v. Department of Treasury, IRS*, 700 F.2d 971, 972 (5th Cir.1983), the Fifth Circuit held that "actual damages" included damages for mental injuries. By contrast, in *Fitzpatrick v. IRS*, 665 F.2d 327, 331 (11th Cir.1982), the Eleventh Circuit held that "actual damages" permitted recovery only for pecuniary loss. For reasons different from those set forth by the Eleventh Circuit in *Fitzpatrick*, this court finds that "actual damages" does not encompass ·emotional damages.

Ordinarily, the first step in construing a statute is to interpret the statutory language in accordance with its plain meaning. *E.g., Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979); *Wilcox v. Ives*, 864 F.2d 915, 917 (1st Cir.1988). Unfortunately, the phrase "actual damages" in the Act is ambiguous. *Accord Johnson*, 700 F.2d at 974, 983 n. 33; *Fitzpatrick*, 665 F.2d at 329. Faced with this ambiguity, the *Fitzpatrick* court turned to the Act's legislative history to discern Congress' intent as to the scope of the phrase "actual damages." [3]

Since *Fitzpatrick* was decided, however, the Supreme Court has determined that courts are not to consider legislative history when resolving ambiguities in the text of statutes that waive· the government's sovereign immunity. *See United States v. Nordic Village, Inc.*, —— U.S. ——, ——, 112 S.Ct. 1011, 1016, 117 L.Ed.2d 181 (1992) ("The unequivocal expression of elimination of sov-

---

**2.** Specifically, the Act requires that:

> In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of—
> (A) *actual damages* sustained by the individual ..., but in no case shall a person entitled to recovery receive less than the sum of $1,000; and
> (B) the cost of the action together with reasonable attorney fees as determined by the court.

5 U.S.C. § 552a(g)(4) (emphasis added).

**3.** The *Johnson* court also looked to legislative history. In addition, however, it was heavily influenced by cases that awarded damages for emotional injuries resulting from violations of constitutionally protected privacy interests.

*Johnson*, 700 F.2d at 976–77. The court reasoned that, by analogy, privacy interests protected by the Act should similarly give rise to claims for emotional injury. *Id.* This Circuit has concluded, however, that the constitutional right of privacy is not implicated by government disclosures of personal information. *See Borucki v. Ryan*, 827 F.2d 836, 842–43 (1st Cir.1987) ("[A]n allegation that government dissemination of information or government defamation has caused damage to reputation, even with all attendant emotional anguish and social stigma, does not in itself state a cause of action for violation of a constitutional right; infringement of more 'tangible interests' must be alleged as well.") (citing *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160–61, 47 L.Ed.2d 405 (1976)). The analogy on which the *Johnson* court relied, therefore, is inapposite here.

ereign immunity that we insist upon is an expression in statutory text. If clarity does not exist there, it cannot be supplied by a committee report."); *Maine v. Department of Navy*, 973 F.2d 1007, 1011 (1st Cir.1992). Courts, therefore, must limit their inquiry to the language of the statute itself.

 The general rule of construction applicable to statutes which surrender federal sovereign immunity is to construe the statutory language strictly in favor of the sovereign. *See Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986) (courts "must construe waivers strictly in favor of the sovereign . . . and not enlarge the waiver 'beyond what the language requires'") (citation omitted); *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951); *In Re Perry*, 882 F.2d 534, 544 (1st Cir.1989). To say that a court must construe a statute in favor of the sovereign is not to say that the court must always adopt the construction offered by the sovereign. The sovereign's construction will be adopted only if it is plausible. *See Nordic Village*, —— U.S. at ——, 112 S.Ct. at 1016.

Here, defendants ask that the court construe the phrase "actual damages" to refer only to pecuniary damages. Satisfied that this construction is a plausible one, this court adopts the defendants' view that "actual damages" does not include emotional damages. Accordingly, plaintiff's allegations of only emotional injuries are legally insufficient under the Act.

**B.** *Statutory Damages*

Plaintiff argues in the alternative that he is at least entitled to recover the $1,000 statutory minimum damages. *See* 5 U.S.C. § 552a(g)(4). The *Fitzpatrick* court permitted recovery of this sum, along with costs and reasonable attorneys' fees, even though it declined to award damages for emotional injuries. *See Fitzpatrick*, 665 F.2d at 331. The opinion, however, is devoid of any explanation as to how the court reached its result. Upon examination, this court finds that the better rule is to preclude recovery where, as here, only emotional injuries are alleged. This court bases its decision on language in the Act specifying that the $1,000 statutory minimum damages are to be made available only to "a person entitled to recovery." 5 U.S.C. § 552a(g)(4). To be entitled to recovery under the Act, however, a plaintiff must prove that he or she has suffered "actual damages." *See, e.g., Pope v. Bond*, 641 F.Supp. 489, 501 (D.D.C.1986); *Houston v. Department of Treasury*, 494 F.Supp. 24, 30 (D.D.C.1979); *Mobley v. Doyle*, No. JH–87–3300, slip op. at 6 (D.Md. Nov. 8, 1988). This court has determined that plaintiff's claim for emotional damages is not one entitling him to recovery under the Act. Given that plaintiff is not "a person entitled to recovery," he is not entitled to the $1,000 statutory minimum damages.

### III

#### Conclusion

For the foregoing reasons, defendants' motion to dismiss is hereby ALLOWED.