**Lee A. HEBERT, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 1:93–CV–554.**

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 22, 1994.

**138**

Ed W. Barton, Orange, TX, for plaintiff.

O. Kenneth Dodd, Asst. U.S. Atty. Beaumont, TX, Damon C. Miller, U.S. Dept. of Justice, Torts Branch Civil Div., Washington DC, for defendant.

### MEMORANDUM OPINION

COBB, District Judge.

The United States filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Government contends that plaintiff Hebert improperly filed this action in Federal Court before the Maritime Administration Division ("MARAD") ruled on the matter thus violating the provisions of the Clarification Act, 50 U.S.C. App. § 1291. Hebert argues that filing this action before MARAD issued a decision was necessary to avoid the expiration of the two year statute of limitations that applies to admiralty claims against the United States.

### FACTS

Plaintiff Hebert worked as a member of the engine department aboard the "Austral Lightning." The United States owned and operated the vessel through the Maritime Administration of the United States Department of Transportation. Interocean Management Corporation operated the ship as a general agent of the Maritime Administration.

"On or about" November 5, 1991, Hebert fell off a ladder and injured his left knee. Hebert alleges that various air hoses, water hoses, electrical extension cords and cables obstructed the ladder. Accordingly, he claims that these malicious obstructions caused his unusually rapid descent to the ship's engine room floor.

Some dispute exists when MARAD actually received Hebert's claim. However, Hebert states that he filed the administrative claim with MARAD on September 18, 1993. He then filed suit in this court on November 4, 1993, while the administrative complaint was still pending. The United States seeks to dismiss the Hebert's claim for lack of subject matter jurisdiction due to his failure to exhaust administrative remedies.

### DISCUSSION

In order to prevail on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a defendant must demonstrate that the court lacks subject matter jurisdiction over the plaintiff's claim for relief. A determination of this Court's subject matter jurisdiction turns on the interplay between the Clarification Act, 50 U.S.C.App. § 1291, and the two year statute of limitations that applies to admiralty claims against the United States, 46 U.S.C.App. § 745.

The Clarification Act grants seamen employed on ships owned by the United States similar remedies afforded seamen on private vessels. *See* 50 U.S.C.App. § 1291(a) (1982). The Act provides that claims, if wholly or partly disallowed by the administrative agency, shall be enforced pursuant to the provisions of the Suits in Admiralty Act, 46 U.S.C.App. § 741, et seq. *Id.* The Clarification Act states in pertinent part:

> "officers and members of crews employed on United States or foreign flag vessels as employees of the United States through the War Shipping Administration shall, with respect to ... death, injuries, illness ... have all the rights, benefits, exemptions, privileges, and liabilities, under law applicable to citizens of the United States employed as seamen on privately owned and operated American vessels.... Any claim shall ... if administratively disallowed in whole or in part be enforced

pursuant to the provisions of the Suits in Admiralty Act."

50 U.S.C.App. § 1291.

■ In effect, the Suits in Admiralty Act is a jurisdictional statute that governs maritime tort claims against the United States. *United States v. United Continental Tuna Corp.*, 425 U.S. 164, 176 n. 14, 96 S.Ct. 1319, 1326 n. 14, 47 L.Ed.2d 653 (1976). All claims under the Suits in Admiralty Act must first be administratively disallowed before a court may act. 46 U.S.C.App. § 1241(a); 46 C.F.R. § 327.8. Administrative disallowance may occur in two ways. The agency may actively deny the claimant's action or the agency may refuse to act on the claimant's action within sixty days of the filing. 46 C.F.R. §§ 327.6, 327.7. This act or failure to act functions as an administrative disallowance.

■ In the present case, Hebert allegedly filed an administrative claim with MARAD on September 18, 1993 for damages caused by his fall. No written disallowance was issued for this claim. Under 46 C.F.R. § 327.6, a valid written notice of disallowance consists of notice mailed or personally delivered to the claimant. Absent written notice of disallowance, a plaintiff must show that his claim was presumptively disallowed under 46 C.F.R. § 327.7. 46 C.F.R. § 327.6.

Presumptive disallowance occurs when the plaintiff receives no written notice within sixty days. After sixty days, the agency's disallowance is presumed and the claimant is free to proceed in court. 46 C.F.R. § 327.7. Assuming that Hebert filed his claim on September 18, he should have waited until November 17, 1993 before filing his claim in this Court. Therefore, Hebert prematurely filed his suit.

Hebert argues that he was forced to file suit because of the two year statute of limitations imposed on claims under the Suits in Admiralty Act. 46 U.S.C.App. § 745. As such, plaintiff asserts that he had to file on or before November 5, 1993 to avoid having his claim barred by the statute of limitations.

This court cannot find a case by the Supreme Court or the Fifth Circuit which has addressed the issue of whether the statute of limitations is tolled or suspended while MARAD reviews an injured seaman's claim. Therefore, a careful attorney would certainly wish to protect the interests of his client by attempting to insure that his client's claim timely reaches a court.

However, the Supreme Court considered a similar factual scenario and refused to address the issue of whether the statute of limitations was tolled pending an administrative decision. *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951). In *McMahon*, the petitioner did not sue within the two year statute of limitations. He argued that he could not file his claim because of the provisions that required him to wait until his administrative claim was disallowed. *Id.* at 26, 72 S.Ct. at 18–19. The Supreme Court refused to excuse the petitioner's failure to file. *Id.* The Court held that the two year statute of limitations begins from the date of the injury not from the date of the administrative disallowance. *Id.* The Court specifically declined to address the issue of whether the pendency of an administrative claim tolled the statute of limitations for sixty days. *Id.* In essence, the Court required the petitioner to properly proceed through the procedural hoops before it would hear a claim against the United States. *Id.* at 26, 72 S.Ct. at 18–19.

Unfortunately, this court may not reach the issue of whether the pendency of an administrative claim tolls the statute of limitations either. According to 46 C.F.R. § 327.8,

No seamen, having a claim specified in subsections (2) and (3) of section 1(a) of 50 C.F.R. 1291(a) ... shall institute a court action for the enforcement of such claim unless such claim shall have been prepared and filed in accordance with §§ 327.4 and 327.5 ... and shall have been administratively disallowed in accordance with § 327.6 or 327.7 of this part.

This section clearly requires a plaintiff to wait until his claim is administratively disallowed before filing his claim in court. *Id.* As such, this court is in no better position than the *McMahon* Court to address the issue of whether the statute of limitations is

suspended or tolled while the administrative claim is pending.

The plaintiff argues that he must file to protect his rights under the two year statute of limitations provided by 46 U.S.C. § 745. As superficially satisfying as the plaintiff's argument may be it simply does not hold water. The real problem is that Hebert waited too long to file his administrative claim thereby placing himself in this procedural predicament. *See Kriesch v. United States,* 1993 WL 149726, *2 (E.D.La.1993).

Accordingly, the United States' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is hereby GRANTED.