**Paul O. HYNARD, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE,
Defendant.**

No. CV 94–1637.

United States District Court,
E.D. New York.

Nov. 21, 1994.

Paul O. Hynard, Medford, NY, plaintiff pro se.

U.S. Dept. of Justice, Tax Div. by Avery M. Ellis, Washington, DC, for defendant.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

The plaintiff *pro se*, Paul Hynard ("the plaintiff"), commenced this action seeking to enjoin the Internal Revenue Service ("IRS") from collecting amounts assessed against him by the IRS for alleged deficiencies in his 1988 and 1989 tax payments. The IRS moves for summary judgment pursuant to Fed.R.Civ.P. 56. The IRS sets forth the following grounds supporting its motion: 1) the plaintiff failed to exhaust administrative prerequisites prior to bringing suit in federal court; 2) sovereign immunity bars this type of action; and 3) the Anti Injunction Act precludes the relief plaintiff seeks.

### BACKGROUND

It is not disputed that the plaintiff filed tax returns in timely fashion for the years 1988 and 1989. The parties also agree that on December 18, 1991, the plaintiff executed a form consenting to an extension of the time in which the IRS could make an assessment against him for the 1988 return. The agreed upon extension was to expire on June 30, 1993.

The parties did not execute any agreement extending the time in which the IRS could assess the plaintiff for any deficiencies in his 1989 tax return. Therefore the time for an assessment with regard to the 1989 return expired three years following the date the return was filed or due, whichever date is later. *See* 26 U.S.C. § 6501. The plaintiff filed his 1989 tax return in February 1990. Therefore the due date, April 15, 1990, is the relevant date for purposes of the three year limitation period.

On March 26, 1993 the IRS sent a notice of deficiency to the plaintiff with regard to both his 1988 and 1989 tax returns, in timely fashion. *See* 26 U.S.C. § 6503. The notice

of deficiency advised Mr. Hynard that he had ninety days from the mailing date of the notice to file a petition for redetermination in the United States Tax Court. *See* 26 U.S.C. § 6213(a). Following the expiration of 90 days, on August 6, 1993, the IRS made an assessment against the plaintiff for the amounts identified in the notice of deficiency plus penalties and interest. *See* 26 U.S.C. § 6503 (providing that the limitation period for making assessment is suspended for 60 days following the expiration of the 90 day period in which the taxpayer may petition the tax court for redetermination).

The plaintiff commenced this action on April 22, 1994. Neither the complaint nor the papers submitted in opposition to this motion allege that the plaintiff made any payment of the amounts assessed against him by the IRS. The plaintiff does contend that he did not *receive* notice of the deficiency until February of 1994. However, a deficiency notice that is *mailed* to the taxpayer at the last known address is sufficient under the Internal Revenue Code. *See* 26 U.S.C. § 6212(b). Further, there is no allegation that the plaintiff petitioned the tax court for redetermination of the deficiency at any time.

### DISCUSSION

*The standard for summary judgment*

■ A court may grant summary judgment "only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact," *Cable Science Corp. v. Rochdale Village, Inc.,* 920 F.2d 147, 151 (2d Cir.1990), and the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also* Fed.R.Civ.P. 56(c) (summary judgment standard). The Court must, however, resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. *See Twin Laboratories, Inc. v. Weider Health & Fitness,* 900 F.2d 566, 568 (2d Cir.1990); *Liscio v. Warren,* 901 F.2d 274, 276 (2d Cir.1990); *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

Furthermore, because the plaintiff is proceeding without an attorney, the Court must give wide latitude to the papers filed by the *pro se* litigant. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). It is within this framework that the Court addresses the grounds for the present motion for summary judgment.

The most liberal construction of the plaintiff's papers reveals no material issue regarding the *relevant* facts of this case, which are set forth above. The Court will now review the applicable law.

*Sovereign Immunity*

■ The doctrine of sovereign immunity shields the United States from suits in the absence of an expressed waiver of immunity by Congress. *See e.g., Library of Congress v. Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983); *Lehman v. Nakshian,* 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981); *McMahon v. United States,* 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26 (1951); *United States v. New York Rayon Importing,* 329 U.S. 654, 67 S.Ct. 601, 91 L.Ed. 577 (1947). The United States Code does provide for civil suits against the United States to recover tax payments upon fulfillment of certain conditions precedent by the taxpayer. 28 U.S.C. § 1346(a)(1) (providing that district courts have original jurisdiction for actions against the United States to recover alleged wrongfully assessed tax payments); 26 U.S.C. § 7422 (setting forth prerequisites to bringing suits for tax refunds).

*Civil actions for tax refunds*

■ Federal taxpayers have two options for challenging determinations of deficiency by the IRS. An objecting taxpayer may file a petition in United States Tax Court for review of the IRS determination *before* payment of the deficiency if the petition is filed within ninety days of date of the deficiency notice. *See Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (explaining that this procedure was devised to alleviate the hardship of having to pay and then sue).

However, in order to gain access to federal district court for a review of an IRS determination, the taxpayer must first satisfy (in other words, pay) the assessment and then file a claim for a refund. These prerequisites to maintaining an action against the United States with regard to tax payments are set forth in 26 U.S.C. § 7422(a), which provides:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary,* according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof. (emphasis added).

*See Flora,* 362 U.S. at 146, 80 S.Ct. at 631 ("... full payment of the assessment is a jurisdictional prerequisite to suit.")

The plaintiff draws the Court's attention to copies of his 1988 and 1989 tax returns wherein he indicated in each return that a refund was due. The plaintiff argues that by so doing he satisfied the condition of filing for a refund. This argument reveals that the plaintiff misunderstands the procedure for obtaining review of his tax liability by this Court. It is not enough that a taxpayer indicate on his tax return that a refund is due.

To reiterate, the United States Tax Court is the only forum in which a taxpayer may have alleged tax deficiencies reviewed prior to satisfying those deficiencies. *See Flora,* 362 U.S. at 147, 80 S.Ct. at 631. Review by a federal district court is available after two prerequisites have been fulfilled: 1) the taxpayer must pay the deficiency identified by the IRS; and 2) the taxpayer must then file a claim for a refund with the IRS. *See 26* U.S.C. § 7422. An action may be brought in federal district court upon denial of the refund by the IRS.

■ Failure to comply with the requirements discussed above for waiver of immunity by the United States is a jurisdictional defect which cannot be waived. *See e.g.,*

*Lipsett v. United States,* 37 F.R.D. 549 (S.D.N.Y.1965), *appeal dismissed,* 359 F.2d 956 (2d Cir.1966). The plaintiff has failed to satisfy the conditions precedent to suing for a federal tax refund in this Court. Accordingly, this Court lacks subject matter jurisdiction and the action must be dismissed in its entirety, as a matter of law. Fed.R.Civ.P. 12(b)(1).

Because the Court has determined that there is no jurisdictional basis for this action, it will not address the issue of whether injunctive relief is appropriate.

### CONCLUSION

Based on the foregoing reasons, it is hereby

**ORDERED,** that the defendant's motion for summary judgment is granted; and it is further

**ORDERED,** that this action is dismissed in its entirety as a matter of law pursuant to Fed.R.Civ.P. 12(b)(1).

**SO ORDERED.**