Jose Flores **RAMIREZ**, Cruz Nereida Rodriguez, and Nanette Flores Rodriguez, Plaintiffs,

v.

**UNITED STATES POSTAL SERVICE** and The United States of America, Defendants.

Civ. No. 94–1540 GG.

United States District Court, D. Puerto Rico.

March 21, 1995.

122

Gino Negretti Lavergne, Miramar, Santurce, PR, for plaintiffs.

Guillermo Gil, U.S. Atty., Fidel Sevillano Del Rio, Asst. U.S. Atty., Hato Rey, PR, for defendants.

## OPINION AND ORDER

GIERBOLINI, Senior District Judge.

On January 9, 1995, defendant United States of America filed a motion to dismiss and/or for summary judgment seeking dismissal of plaintiffs' complaint based on the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a). After being granted an extension, plaintiffs opposed defendant's motion by alleging that the discretionary function exception is inapplicable.

## FACTUAL BACKGROUND

The uncontested facts in this case reveal that on May 4, 1992, plaintiffs Jośe Flores Ramírez and his wife, Cruz Nereida Rodríguez were customers of the United States Postal Service office located at the Victory Building, Road 167, Bayamón, Puerto Rico. While plaintiffs were waiting in line for services, two gunmen robbed the post office. On their way out of the post office, one of the gunmen shot plaintiff José Flores Ramírez in the stomach. On the date of the robbery, the post office was not outfitted with bullet proof windows, electronic access devices, security cameras, or security guards.

At the outset, we treat the defendant's motion as one for summary judgment because plaintiffs' opposition contains a factual elaboration that transcends the four corners of the complaint. Fed.R.Civ.P. 12(b)(6) and 56. *American Exp. Intern., Inc. v. Mendez-Capellan,* 889 F.2d 1175, 1178 (1st Cir.1989).

## SUMMARY JUDGMENT

### A. Standard

Summary judgment is appropriate "if the pleading, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Federal Rules of Civil Procedure 56(c); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 894 (1st Cir.1988). Thus, to grant summary judgment, the court must determine 1) whether there are any material issues of fact in dispute and 2) whether those issues have been adequately presented to the court as genuine issues. *See, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A genuine issue exists only if a material conflict in the evidence warrants trial. *See Ortega-Rosario v. Alvarado-Ortiz,* 917 F.2d 71, 73 (1st Cir.1990). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. at 2510.

When considering summary judgment, the court reviews the record in the light most

favorable to the nonmoving party. *See, e.g., Jensen v. Frank,* 912 F.2d 517, 520 (1st Cir.1990). However, the nonmoving party bears the burden of production of evidence showing that summary judgment is not appropriate by presenting specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). It is not sufficient "to simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## B. The Federal Tort Claims Act

Defendant alleges that decisions regarding security measures at post offices are discretionary matters to be decided by the U.S. Postmaster General, under the applicable statutes and regulations. As such, claims based on the United States Postal Service's ("USPS") failure to provide security at a post office are precluded under the discretionary function exception of the Federal Tort Claims Act, 28 U.S.C. § 2680. In addition, the defendant argues that economic considerations, such as the high costs of providing security at all post offices, has influenced the Postmaster General's exercise of discretion regarding security measures at post offices.

The Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 1346(b), 2671–2680 is a waiver of the United States' sovereign immunity permitting suits for alleged tortious acts committed by covered governmental entities. The FTCA covers the activities of the Postal Service pursuant to 39 U.S.C. § 409(c). As a statutory waiver of immunity, there are limitations to the terms and conditions upon which suit may be instituted. *Honda v. Clark,* 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967). The conditions of the waiver of sovereign immunity define the subject matter jurisdiction of the federal courts and must be construed strictly. *McMahon v. United States,* 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951).

### 1. Discretionary Function Exception

One of the jurisdictional limitations of the Federal Tort Claims Act is the discretionary function exception, which provides that the government's waiver of sovereign immunity does not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

The discretionary function exception "marks the boundary between the Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. Varig Airlines,* 467 U.S. 797, 808, 104 S.Ct. 2755, 2762, 81 L.Ed.2d 660 (1984). The purpose of the discretionary function exception is "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Varig Airlines,* 467 U.S. at 814, 104 S.Ct. at 2765.

In deciding whether a claim is precluded under the discretionary function exception, courts first consider whether the agency's decision involves an element of judgment or choice. *Berkovitz v. United States,* 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988). Government agencies as well as their employees are covered in their exercise of discretion. *Dalehite v. United States,* 346 U.S. 15, 33, 73 S.Ct. 956, 966, 97 L.Ed. 1427 (1953). Second, courts determine whether the challenged conduct is of the nature intended to be shielded from liability. *Varig Airlines,* 467 U.S. at 813, 104 S.Ct. at 2764. The discretionary function exception explicitly bars suit even when negligence in the exercise of discretion is alleged. *Dalehite,* 346 U.S. at 33, 73 S.Ct. at 966 (finding that the discretionary function exception's "whether or not the discretion involved be abused" clause connotes both negligence and wrongful acts in the exercise of discretion). However, where a

federal statute, regulation or policy specifically dictates a course of action to be followed, the discretionary function exception will not shield the agency from liability. *Berkovitz,* 486 U.S. at 536, 108 S.Ct. at 1958; *United States v. Gaubert,* 499 U.S. 315, 323–324, 111 S.Ct. 1267, 1273–1274, 113 L.Ed.2d 335 (1991).

## C. Analysis

■ The adjudication of this controversy requires that we examine whether the discretionary function exception applies to this case. If it applies, plaintiffs' claim that the USPS is liable for failure to provide security at the Bayamon Post Office must fail.

The USPS' mandate is to "provide prompt, reliable, and efficient service to patrons in all areas and [to] all render postal services to all communities." 39 U.S.C. § 101(a). To provide postal service, Congress has granted the USPS general power to operate facilities. 39 U.S.C. § 401(6). Decisions with respect to security measures of the USPS are delegated upon the Chief Postal Inspector, who "is responsible for the issuance of instructions and regulations pertaining to security requirements within the Postal Service." 39 C.F.R. § 231.1(b). Pursuant to § 231.2:

> The postmaster . . . shall act as Security Control Officer for each post office. The Security Control Officer shall be responsible for the general security of the post office, its stations and branches, in accordance with rules and regulations issued by the Chief Postal Inspector.

39 C.F.R. § 231.2.

Plaintiffs unsuccessfully attempt to distinguish *Haygan v. United States,* 627 F.Supp. 749 (D.D.C.1986) and *Turner v. United States,* 473 F.Supp 317 (D.D.C.1979), which held that postal decisions to maintain only two guards and to lower city lights in a high crime area, respectively, were clearly discretionary acts. Plaintiffs argue that, unlike in *Haygan* and *Turner,* the Postmaster failed to issue any regulations pertaining to security measures in the instant case. What plaintiffs fail to discern is that the Postmaster's decision to issue regulations or not is precisely where the congressionally-granted discretion lies. Decisions on whether to implement security measures are the type of policy decisions that Congress wanted to prevent the courts from second guessing. *See Varig,* 467 U.S. at 814, 104 S.Ct. at 2765. In addition, plaintiffs have not identified a single regulation, statute or policy which specifically directs the Postmaster to issue regulations with respect to security or to implement security measures. *Berkovitz,* 486 U.S. at 536, 108 S.Ct. at 1958; *Irving v. United States,* 49 F.3d 830, 835 (1st Cir.1995). Further, plaintiffs have not marshalled a single fact to rebut the well-supported presumption that the USPS' decision to provide security is a discretionary matter covered by the discretionary function exception of the FTCA.

■ Therefore, we find that the USPS' decision not to promulgate security regulations is protected under the discretionary function exception. Even if we were to find that the USPS did undertake security responsibilities at the Bayamon post office, the negligent implementation of those measures would still be covered by the discretionary function exception. *See Dalehite,* 346 U.S. at 33, 73 S.Ct. at 966. Thus, when viewing the facts, as we have, in the light most favorable to the non-moving party, we find that plaintiffs have failed to raise a genuine issue of material fact which would preclude entry of summary judgment as to any obligation by the USPS to provide security under any of its regulations or its negligent implementation of any such security measures. Because we find that the USPS acts or omissions are covered by the discretionary function exception, we must dismiss plaintiffs' complaint for lack of subject matter jurisdiction. *Irving v. United States,* 909 F.2d 598, 600 (1st Cir. 1990).

**WHEREFORE,** in view of the above, the government's motion for summary judgment is hereby **GRANTED.** Judgment of dismissal shall be entered accordingly.

**SO ORDERED.**