56 F.3d 60
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Wayne AMMER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-2384.
 United States Court of Appeals, Fourth Circuit.
 Argued April 6, 1995.
Decided May 26, 1995.
 
 ARGUED: Stephen Norman Goldberg, COHN & GOLDBERG, Baltimore, MD, for Appellant. Richard T. Buckingham, Trial Attorney, Torts Branch, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Appellee. ON BRIEF: Frank W. Hunger, Assistant Attorney General, Lynne A. Battaglia, United States Attorney, David V. Hutchinson, Assistant Director, Admiralty Section, Torts Branch, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Appellee.
 Before MURNAGHAN, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Wayne Ammer appeals the dismissal for lack of subject matter jurisdiction of his claim against the United States Coast Guard (Coast Guard). He filed suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2671 (1988), and alternatively under the Suits in Admiralty Act (SAA), 46 U.S.C. Sec. 741 (1988), and the Public Vessels Act (PVA), 46 U.S.C. Sec. 781 (1988). Upon de novo review of the district court's Rule 12(b)(1) dismissal for lack of subject matter jurisdiction, we affirm. Tillman v. RTC, 37 F.3d 1032, 1034 (4th Cir.1994).
 
 
 2
 Ammer was injured on May 25, 1991, when the wake of a passing Coast Guard cutter threw him across his fishing vessel. His attorney requested forms from the Coast Guard to file a claim, and the Coast Guard gave him a "Standard Form 95" preprinted with the Coast Guard's address. The back of the form specified that "THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES." (J.A. 24) (emphasis in original). The form further indicated that "[c]omplete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14." Id. Ammer timely filed his administrative claim with the Coast Guard, using Standard Form 95. On May 28, 1993, he received a letter from the Coast Guard's attorney denying his claim. The letter notified Ammer that his claim arose under the SAA or the PVA rather than the FTCA, and that his filing of the administrative claim with the Coast Guard did not toll the running of the statute of limitations under the SAA/PVA.
 
 
 3
 On November 15, 1993, Ammer filed a complaint against the Coast Guard in federal court alleging negligence and injuries under the FTCA and alternatively under the SAA/PVA. The Coast Guard moved to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), contending that the claim was not filed within the two-year limitations period of the SAA/PVA, which expired on May 25, 1993* Ammer responded that the Coast Guard should be equitably estopped from raising the statute of limitations because the mention of the FTCA on the back of Standard Form 95 misled him into filing under the FTCA. The district court granted the 12(b)(1) motion in a well-reasoned memorandum opinion in which it determined that the law of equitable estoppel and equitable tolling of the statute of limitations did not apply because Ammer did not allege affirmative misconduct by the government. It also found that, by failing timely to file his suit under the correct statute, Ammer did not use due diligence in pursuing his claim. Ammer appeals, raising essentially the same equitable estoppel grounds that he presented before the district court.
 
 
 4
 We agree with the district court that Ammer did not pursue his claim with due diligence, and therefore equitable estoppel could not excuse Ammer's error in filing his claim six months after the statute of limitations had run. Upon consideration of the record, briefs, and oral argument, we affirm for reasons adequately stated by the district court in its memorandum opinion, Ammer v. United States, --- F.Supp. ----, No. MJG-93-3795 (D.Md. Sept. 20, 1994).
 
 AFFIRMED
 
 
 *
 Of course, when Ammer received the letter from the Coast Guard denying his administrative claim, the limitations period under the SAA/PVA had already expired. In addition, the filing of Ammer's administrative claim with the Coast Guard did not toll the statute of limitations on his SAA/PVA claim. McMahon v. United States, 342 U.S. 25, 27 (1951). Ammer did not appeal the Coast Guard's denial of his administrative claim. Under the FTCA, Ammer's claim would have been timely because it was filed within six months after the Coast Guard denied his claim. 28 U.S.C. Sec. 2401. The district court noted, however, that the FTCA does not apply to an admiralty claim against the government. 28 U.S.C. Sec. 2680(d). Ammer does not challenge this finding