IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-31066
Summary Calendar
_____

RODNEY MAYEUX,

Plaintiff-Appellant,

versus

UNITED STATES ARMY CORPS OF ENGINEERS,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-1304-R
- - - - - - - - - -
July 17, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges

PER CURIAM:[*]

Rodney Mayeux his complaint under the Federal Tort Claims
Act (FTCA).  He appeals from the district court's dismissal of
his complaint for lack of subject-matter jurisdiction.  Finding
no error, we affirm.

The United States, as a sovereign, is immune from suit
unless it consents to be sued.  United States v. Mitchell, 445
U.S. 535, 538 (1980).  Both the FTCA and the Suits in Admiralty
Act (SAA) waive sovereign immunity.  The FTCA waives the
Government's sovereign immunity from tort liability and provides

_____

[*]   Under 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except in
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a remedy against the United States for personal injury resulting from the negligence of its agents or employees.  See 28 U.S.C. § 1346(b).  The FTCA does not apply to "[a]ny claim for which a remedy is provided by [the Public Vessels Act or the SAA], relating to claims or suits in admiralty against the United States."  See 28 U.S.C. § 2680(d).  The FTCA and the SAA are mutually exclusive.  Mayeux's assertion of jurisdiction under the FTCA is correct only if his claim is not covered by the SAA.  See McCormick v. United States, 680 F.2d 345, 348 (5th Cir. 1982).

The SAA waives sovereign immunity of the United States not only in cases involving government vessels, property, or cargo, but also in cases in which a proceeding in admiralty could be maintained if a private person or property were involved.  46 U.S.C. app § 742; see McCormick, 680 F.2d at 349.  The present case, in which the alleged negligence of a government employee caused injury in the navigable waters of the Harvey Canal, is a case covered by the SAA.  See McCormick, 680 F.2d at 349.  See also De Bardeleben Marine Corp. v. United States, 451 F.2d 140, 145 (5th Cir. 1971)(applying the SAA to a claim for negligent drafting of maritime survey charts); Sheridan Trans. Co. v. United States, 897 F.2d 795, 800 (5th Cir. 1990)(applying the SAA to a claim for failure to give notice of submerged wreck). Mayeux's argument has no merit.

Suits filed under the SAA must be filed within two years of the time when the cause of action arises.  See 46 U.S.C. app.  § 745; see McMahon v. United States, 342 U.S. 25, 27 (1951). Mayeux's suit was filed on April 15, 1996, almost six months

after the limitations period expired.  Mayeux argues that his suit is not time-barred because of the doctrine of equitable tolling.  We find that Mayeux did not allege any facts justifying the tolling of the statute of limitations.

The judgment of the district court is AFFIRMED.