Andrezj KIELCZYNSKI,
Plaintiff–Appellant,

v.

John DOES 1–2, Defendants,

Central Intelligence Agency; George Tenet, in his capacity as the Director of the United States Central Intelligence Agency, Defendants–Appellees,

v.

John and Jane Doe, Amicus Curiae.

Docket No. 01–6103.

United States Court of Appeals,
Second Circuit.

Jan. 23, 2003.

Janusz W. Andrzejewski, Law Office of Janusz W. Andrzejewski, New York, NY, for Plaintiff–Appellant.

Sandra L. Levy, U.S. Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Defendants–Appellees.

Present: F.I. PARKER, FEINBERG, and STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Memorandum and Order of the district court is AFFIRMED.

Plaintiff-appellant Andrzej Kielczynski appeals from a Memorandum and Order dated February 20, 2001 and judgment entered February 23, 2001 in the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*) dismissing his claims for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). *See Kielczynski v. The United States Central Intelligence Agency, et al.,* 128 F.Supp.2d 151, 153–55 (E.D.N.Y. 2001).

Appellant sued to recover damages for breach of an alleged secret contract for covert employment with the Central Intelligence Agency ("CIA"). Appellant maintains that, notwithstanding his performance under the contract, the CIA terminated financial support and halted health benefits shortly after he developed serious health problems.

After several attempts to resolve the matter informally, Appellant filed a complaint alleging breach of his secret contract seeking injunctive, declaratory, mandamus, and monetary relief from the CIA and Director Tenet. Although couched as contract claims in his original complaint, Appellant filed an Amended Complaint refashioning these claims to allege due process violations. The district court concluded that Appellant's claims were essentially contract claims and that it lacked subject matter jurisdiction over them. We agree.

■ Reviewing the district court's dismissal under Fed.R.Civ.P. 12(b)(1) *de novo, see Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997) (citations omitted), we find that the essential predicate requirements for maintaining an action against the United States or one of its entities, specifically, an independent basis for subject matter jurisdiction and a sovereign immunity waiver—are not present. *See Presidential Gardens Assocs. v. United States,* 175 F.3d 132, 139 (2d Cir. 1999).

■ Appellant identifies no statute providing for an independent basis of federal subject matter jurisdiction providing for declaratory or mandamus relief. Moreover, strictly construing sovereign immunity waivers in favor of the United States and against waiver, as we must, *see McMahon v. United States,* 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26 (1951), we find that Appellant identifies no general waiver of sovereign immunity applicable to his case.

■ On this record, Appellant's claims, however styled, primarily seek recovery of money damages and are, under this Court's current standard, essentially contract claims against the United States. *See Up State Fed. Credit Union v. Walker,* 198 F.3d 372, 376 (2d Cir.1999) (per curiam). As such, the Tucker Act, 28 U.S.C. § 1346, provides the only source of relief for Appellant. Coupled with the lack of any sovereign immunity waiver independent of the Tucker Act, Appellant's claims must only be heard in the Court of Federal Claims. *Cf. C.H. Sanders Co., Inc. v. BHAP Hous. Dev. Fund Co., Inc.,* 903 F.2d 114, 119 (2d Cir.1990) (finding that jurisdiction over contract claims exceeding $10,000 resides *exclusively* in the Court of Federal Claims where there is no "independent waiver of sovereign immunity outside the Tucker Act.") Accordingly, the district court lacked subject matter jurisdiction over Appellant's claims and properly dismissed them. The Memorandum and

542

Order of the district court dismissing Appellant's amended complaint is AFFIRMED.