John RAZIANO, individually and as Personal Representative of the Estate of Anthony Raziano, and Josephine Raziano, individually, Plaintiffs–Appellees,

v.

UNITED STATES of America, Defendant–Appellant.

No. 92–4449.

United States Court of Appeals, Eleventh Circuit.

Sept. 8, 1993.

---

**1540**

David V. Hutchinson and Michael J. Devine, Torts Branch, Civ. Div. U.S. Dept. of Justice, Washington, DC, for defendant-appellant.

Ralph O. Anderson, Miami, FL and E. Hugh Cappell, Jr., Chappell & Brandt, P.A., Ft. Lauderdale, FL, for plaintiffs-appellees.

Before ANDERSON and EDMONDSON, Circuit Judges, and DYER, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

In district court the government unsuccessfully sought to bar this action against it by asserting the Suits in Admiralty Act's ("SAA") statute of limitations. The issue in this interlocutory appeal is whether the statute of limitations, under the circumstances of this case, was tolled. We conclude that the statute of limitations was not tolled and that the limitation does bar plaintiffs' action.

## I. Facts and Background

Anthony Raziano died as a result of a collision between his boat and an unlit Coast Guard marker in June 1989. In November 1990, the Razianos (Anthony's parents) filed a claim with the Coast Guard. A series of correspondence followed about the claim, including a May 1991 request by the Coast Guard for more information. Then, in a letter dated July 19, 1991, the settlement officer told the Razianos that the Coast Guard was not interested in settling the case and that the Razianos' claim would be denied.

The Razianos filed suit on August 21, 1991, charging the Coast Guard with negligence under the SAA, 46 U.S.C.App. §§ 741–752. The SAA has a two-year statute of limitations, which had elapsed two months earlier.

In a motion to dismiss, the United States claimed that the statute of limitations barred the Razianos' action. The Razianos countered that the Coast Guard officer's negotiations lulled them into inaction. The Razianos also say that, because they had presented their claims to the Coast Guard within the two-year time frame, the government was aware of their claim.

The district court concluded that the SAA should be equitably tolled:

> [E]quitable tolling is permitted when strict application of the two year statute of limitation period would result in an injustice to the plaintiff.
>
> .... this is not a situation where the plaintiffs sat on their hands and did nothing. They were vigorously pursuing this matter in the Coast Guard's administrative channels. Thus, tolling the limitation period would not defeat the purpose of the SAA's limitation provision, which is the encouragement of prompt and diligent pursuit of claims against the federal government.

The government appeals the denial of its motion to dismiss.

## II. Discussion

In the SAA, Congress waived sovereign immunity for certain kinds of maritime torts. Congress expressly provided that

suits under the SAA "may be brought only within two years after the cause of action arises," 46 U.S.C.App. § 745, but Congress said nothing about the scope or availability of equitable tolling for late claims. In *Irwin v. Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990), the Supreme Court said that, in cases where Congress has waived sovereign immunity, the doctrine of equitable tolling can be presumed to apply as it ordinarily applies to private litigants:

> Once Congress has made such a waiver [of sovereign immunity], we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver. Such a principle is likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation. We therefore hold that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Congress, of course, may provide otherwise if it wishes to do so.

*Accord McCormick v. United States*, 680 F.2d 345, 351 (5th Cir.1982) (equitable tolling can apply to SAA).[1]

At the same time, *Irwin* stressed the limited availability of equitable tolling. Equitable tolling is allowed "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96, 111 S.Ct. at 458. But equitable tolling is inapplicable to "late filings where the claimant failed to exercise due diligence in preserving his legal rights" or for "what is at best a garden variety claim of excusable neglect." *Id.* *See also First Alabama Bank, N.A. v. United States*, 981

F.2d 1226, 1228 (11th Cir.1993) (no equitable tolling absent "reasonable reliance" on government acts).

The Razianos pursued no judicial remedies before the limitation period had elapsed. And the Coast Guard's request in May 1991 to the Razianos for more information about their claim did not amount to inducement or trickery. The Razianos do not contend that any Coast Guard officer, at any time before the statute of limitations period had elapsed, told them (1) that the SAA's period of limitations was other than two years or (2) that this period would be tolled during the administrative negotiations or otherwise be waived by the government, or (3) that the government would pay the Razianos' claim.

■ The public interest in setting a limit on bringing actions is strong. We will not lightly ignore the express limitations period of the SAA. That period represents Congress's determination on what, almost always, is a reasonably prompt time within which to file an SAA suit. In litigation between private parties, pre-suit negotiations to settle do not ordinarily estop a defendant from later asserting a limitations defense. *See, e.g., Brogan v. Mullins*, 452 So.2d 940, 941 (Fla.App. 5 Dist.1984); *Huth v. B.P. Oil, Inc.*, 555 F.Supp. 191, 194–95 (D.Md.1983). So, we decline to extend equitable tolling to cover cases in which the government, because of pre-suit negotiations, knew about a claim that might be pursued against it in court. Nothing about this case, or cases like it, is extraordinary enough to justify a gaping exception to the usual rule.

The Razianos' failure to bring suit timely under the SAA is precisely the kind of "garden variety neglect" described by *Irwin*. The SAA's limitations period is straightforward,[2] and the government gave the Razianos no good reason to think that the pursuit of out-of-court remedies would toll the limita-

---

1. *McCormick*, a non-unit panel opinion of the Former Fifth Circuit, is binding precedent for the Eleventh Circuit. *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982).

2. Compare *Aljadir v. University of Pa.*, 547 F.Supp. 667 (E.D.Pa.1982), *aff'd*, 709 F.2d 1490 (3d Cir.1983) (equitable tolling might apply where plaintiff has relied to his detriment on

tion on a judicial remedy.[3] The Coast Guard had no duty to remind the Razianos that the statute of limitations was running. The government has done nothing unfair in this case, and the district court erred in concluding that the SAA's limitation period had been tolled.[4] *See Favorite v. Marine Personnel and Provisioning, Inc.,* 955 F.2d 382, 388–89 (5th Cir.1992) (defendant's payments of some benefits to seaman does not estop defendant from effectively raising statute of limitations to bar later suit); *Williams v. United States,* 711 F.2d 893, 898–99 (9th Cir.1983) (plaintiff's pursuit of administrative claim against government based on same occurrence does not equitably toll limitations period under SAA).

The district court seemed to think the government had been prejudiced none by the Razianos' failure to file suit within two years. But, lack of prejudice to the defendant is not nearly enough to show injustice to the plaintiff:

> Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures.
>
> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular

litigants. As we stated in *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980), "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984).

The order of the district court denying the defendant's motion to dismiss is REVERSED, and the case is REMANDED with directions to dismiss the action.

---

**3.** The United States claims that the Razianos' lawyer had actual knowledge, because he represented a client with a similar case in *Judith Maute v. United States and McVay,* Case No. 85–786 (S.D.Fla.1987), and timely commenced the district court action in that case. In a separate motion carried with the case, the Razianos contend that the government improperly incorporated the *Maute* discussion into its brief, because *Maute* was not part of the record in the instant case and was not admitted into evidence by the lower court—and therefore may not be considered on appeal.

We need not reach the merits of the Razianos' motion. Actual knowledge of the statute of limitations period is not needed to defeat equitable tolling. In this case, we conclude that the Razia-

nos' district court lawyer had constructive knowledge of the law and that the Razianos have not met their burden of describing circumstances which would allow equitable tolling.

**4.** The Razianos say that if the district court is not to be affirmed, the case should be remanded to allow discovery of facts in support of tolling. The main element for equitable tolling is deception on the part of the defendant which has been, by words or acts, communicated to the plaintiff and has misled the plaintiff. All that was communicated by the Coast Guard to the Razianos was known to the Razianos when the district court ruled on the pertinent motion to dismiss. And the Razianos have had an opportunity to tell the courts about those communications. That information is all we need to know to decide this case. In addition, the Plaintiffs point to nothing specific that would likely be produced by discovery. We decline to remand for discovery.