**Juan MORALES, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–93–1787.**

United States District Court,
E.D. New York.

Dec. 22, 1993.

Paul C. Matthews, New York City, for plaintiff.

Arthur J. Gribbin, Torts Branch, Civ. Dept., U.S. Dept. of Justice, New York City, for defendant.

*MEMORANDUM AND ORDER*

GLASSER, District Judge:

Defendant, the United States of America, seeks dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(1) on the ground that this Court lacks subject matter jurisdiction over plaintiff's claim. For the reasons set forth below, defendant's motion is hereby granted.

*FACTS*

Plaintiff Juan Morales commenced this action against the United States under the Suits in Admiralty Act, 46 U.S.C. § 741 *et seq.* (the "SAA"), by Summons and Complaint dated April 22, 1993. Plaintiff claims

he was injured on or about May 1, 1991 while employed as a seaman aboard the USNS Jupiter, a vessel owned by the United States through the Maritime Administration ("MARAD") and operated pursuant to contract by its general agent, American President Lines, Ltd. ("APL"). (Complaint ¶¶ 2–8). Plaintiff has alleged that his injuries were caused by the unseaworthiness of the vessel and the negligence of defendant and its agents. (Complaint ¶ 9). He further has alleged that defendant has failed to pay him the maintenance due him. (Complaint ¶¶ 12–13).

Plaintiff's counsel notified APL by letter dated September 16, 1992, that he was representing plaintiff "in his claim for personal injuries," and requested APL to provide him with a copy of the ship's accident report and any medical reports concerning treatment of Morales. (Gribbin Affirm. Ex. C). In response, by letter dated September 24, 1992, APL informed plaintiff's counsel that

> If a seaman becomes ill or injured while employed aboard a vessel owned by the Maritime Administration, and believes he should be compensated for the alleged illness or injury, *the incident should be reported in accordance with Title 46 Code of Federal Regulations Part 327, Sections 4 and 5* (copy enclosed).

(Gribbin Affirm. Ex. D) (emphasis added). In addition, APL notified plaintiff that the claimant was expected to provide all medical information to APL, and requested information concerning the amount of compensation, if any, sought by Morales. (*Id.*).[1]

Plaintiff responded approximately six months later, by letter to MARAD dated April 7, 1993. The letter read in relevant part:

> I now note that the statute of limitations will run on this claim in approximately three weeks and I am writing this letter as a precursor to filing suit in the United States District Court. If possible, I would appreciate your providing me with an immediate administrative disallowance of this

claim so that there will be no question that the suit has been timely filed.

(Gribbin Affirm. Ex. E). Plaintiff also included in the letter certain information required by the regulations to pursue an administrative claim, including personal information; the name of the vessel; the place and date where the incident occurred; names of witnesses; the dollar amounts of the claim; the identity of the treating physician; and his current disability status. (*Id.*).

APL did not receive a copy of the claim until MARAD forwarded it a facsimile copy on April 28, 1993. (Gribbin Affirm. ¶ 10, Ex. E & F). MARAD's Division of Marine Insurance thereafter responded to plaintiff by letter dated April 29, 1993, notifying him that his April 7 letter requesting an administrative disallowance lacked information required "to perfect his administrative claim." (Gribbin Affirm. Ex. G). Specifically, the April 29 letter informed plaintiff that the following information was missing:

> Your letter does not describe an incident or provide any description of circumstances resulting in an incident involving your client Mr. Juan Morales. Furthermore, your letter does not justify a damage demand by providing not only the cause of damages claimed, but a historical employment or income record of your client, Mr. Juan Morales, as a merchant seaman to support a claim for lost income earning capability. In addition, your letter does not explain if Mr. Juan Morales is currently employed or if he has an income source that would offset lost income earning opportunity as a merchant seaman. Supporting information which is critical to a damage complaint is medical documentation provided by the claimant which documents treatment prescribed or recommended, if the patient is adhering or responding to prescribed treatment and what effect the treating physicians [sic] recommended treatment is having upon your client, Mr. Juan Morales.

(Gribbin Affirm. Ex. G).

Plaintiff commenced this action on April 22, 1993, prior to receiving MARAD's letter.

---

1. In a second letter dated September 24, 1992 from Jeanne Martin, Personal Injury Manager for APL, plaintiff was advised that "[n]o claim can be paid that does not comply with Title 46 Code of Federal Regulations Part 327, Section 3–8 (see enclosed)."

The United States now claims that the Complaint should be dismissed based on three independent grounds: (1) the Complaint was filed before plaintiff received an administrative disallowance of his claim; (2) the claim was incomplete and improperly filed; and (3) the statute of limitations under the SAA has run.

## DISCUSSION

The United States is a sovereign nation which has consented to be sued pursuant to the terms and conditions of the Public Vessels Act, 46 U.S.C. §§ 781–790, which incorporates by reference the terms and conditions of the SAA; and pursuant to the terms and conditions of the Clarification Act, 50 U.S.C.App. § 1291 and 46 C.F.R. Part 327 (the "Act"). (Def.'s 3(g) Statement ¶ 4).

The Act allows seamen employed on vessels owned, operated or chartered by the United States to recover for injuries as if they were employed on privately-owned American vessels. 50 U.S.C.App. § 1291(a); *McMahon v. United States*, 342 U.S. 25, 26, 72 S.Ct. 17, 18–19, 96 L.Ed. 26 (1951). As a jurisdictional prerequisite for bringing suit under the Act, however, the claimant first must file an administrative claim with MARAD. 46 C.F.R. § 327.3 ("All claims specified in 50 U.S.C. app. 1291(a)(2) and (3) . . . shall be submitted for administrative consideration . . . prior to institution of court action thereon."); *see also* 46 C.F.R. § 327.8 ("No seamen . . . shall institute a court action for the enforcement of such claim unless such claim shall have been prepared and filed in accordance with [the regulations] and shall have been administratively disallowed. . . ."). The Act provides in relevant part that such claims, "*if administratively disallowed in* *whole or in part,* be enforced pursuant to the provisions of the Suits in Admiralty Act. . . . When used in this subsection the term 'administratively disallowed' means *a denial of a written claim in accordance with rules or regulations prescribed by the Administrator, War Shipping Administration.*" 50 U.S.C. app. § 1291(a) (emphasis added).

■ As the above-quoted provision indicates, merely *filing* an administrative claim does not allow the plaintiff to bring suit in federal district court; rather, MARAD first must administratively disallow the claim. Here, even assuming plaintiff's April 7, 1993 letter was an effective administrative claim, plaintiff waited until April 7 to file the claim, even though he was instructed to do so on September 24, 1992.[2] Plaintiff instituted the present action on April 22, 1993. MARAD notified plaintiff on April 29, 1993 that the claim was lacking certain information needed to perfect the administrative claim. (Gribbin Affirm. Ex. G). This lawsuit therefore was filed prematurely because MARAD had not yet disallowed plaintiff's claim, nor had 60 days passed from the date of its filing.[3]

■ This court is not persuaded by plaintiff's argument—advanced with the concession that it "does not fit altogether neatly within the language" of the statute and the regulations—that where a seaman has attempted to comply with the requirements of the statute, and where MARAD has had sufficient time "prior to the expiration of the period of limitations at least to *conditionally* disallow the injured seamen's claim, it should be held that such refusal of express disallowance by the Administration constitutes effectively a 'disallowance'. . . ." (Matthews Af-

**2.** Plaintiff's contention that because it was not "clearly spelled out" in the September 24 letter, he did not realize that APL was not treating his September 16 letter as a notice of claim and that he was required to file a formal notice of claim (Matthews Aff. ¶ 8), does not excuse his failure to comply with the applicable regulations—a copy of which APL provided him. In addition, the government points out that a letter very similar to the September 16 letter was specifically held to be not "the kind of notice envisioned by the regulation" in *Wright v. United States*, No. 85–Civ–8050, 1988 WL 130912, at *4, 1988 U.S.Dist. LEXIS 13336, at *9 (S.D.N.Y. Dec. 1, 1988), a case in which Mr. Matthews served as the plaintiff's counsel.

**3.** 46 C.F.R. § 327.6 provides that "MARAD shall give prompt notice in writing of the allowance or disallowance of each claim. . . ." 46 C.F.R. § 327.6. Alternatively, section 327.7 provides that if MARAD has not given notice in accordance with section 327.6 within 60 days following receipt of the claim, the claim will be presumed to have been administratively disallowed. 26 C.F.R. § 327.7; *see also McMahon*, 342 U.S. at 28, 72 S.Ct. at 19.

firm. ¶ 15) (emphasis in original). As the government points out, 46 C.F.R. § 327.7 already provides a presumption of disallowance after 60 days from the date of filing the claim. Moreover, it is axiomatic that "statutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign," *McMahon,* 342 U.S. at 27, 72 S.Ct. at 19, and this court declines to overlook plaintiff's clear procedural defaults here. This court also rejects plaintiff's argument that the Complaint was filed as a "protective action." As the Ninth Circuit held in expressly rejecting the "protective lawsuit theory" in analogous circumstances, "the Clarification Act unmistakably prohibits [the plaintiff] from filing a claim in federal court before obtaining an administrative disallowance." *Smith v. United States,* 873 F.2d 218, 220–21 (9th Cir.1989).

Accordingly, because plaintiff filed his suit prematurely, this court lacks subject matter jurisdiction over plaintiff's claim. *See Raible v. Interocean Management Corp.,* 1992 WL 202335, 1992 U.S.Dist. LEXIS 12208 (E.D.La. Aug. 11, 1992) (suit filed prior to administrative disallowance dismissed; "[j]udicial economy does not trump procedural prerequisites"); *Erickson v. Standard Oil Co. of Cal.,* 1987 WL 26994, 1987 U.S.Dist. LEXIS 11660 (E.D.La. Dec. 8, 1987) ("It is uncontested ... that plaintiff failed to await an administration [sic] disallowance ... prior to commencing this suit.... this court is therefore without jurisdiction in this matter.").

■ Plaintiff's claim must be dismissed on the alternative ground that he failed to comply with the regulations governing claim requirements. The required contents of a properly filed claim are described in detail in 46 C.F.R. § 327.4(b). As MARAD advised plaintiff in its letter of April 29, 1993—and as plaintiff indeed admits—plaintiff has failed to provide much of this information. In addition, plaintiff failed to file the claim in accordance with the regulations; 46 C.F.R. § 327.5(b) directs claimants to file with the Ship Manager or General Agent—in this case, APL—*and* to send a copy directly to MARAD. Plaintiff neglected to file his April 7, 1993 letter with APL; in fact, APL only received a copy after MARAD forwarded the letter by facsimile. (Gribbin Affirm. Ex. E & F).

Since, as discussed above, suits brought against the United States in admiralty must be brought in strict conformity with the SAA, *McMahon,* 342 U.S. at 27, 72 S.Ct. at 19, and "the terms of [the United States's] consent to be sued in any court define that court's jurisdiction to entertain the suit," *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941), plaintiff's failure to strictly comply with the regulations also requires that his action be dismissed.

Finally, the United States argues that the statute of limitations has run on plaintiff's cause of action. Section 745 of the SAA provides a two-year limitations period for actions brought under the Act; the limitations period begins to run from the date of the alleged injury. 46 U.S.C. § 745; *McMahon,* 342 U.S. at 27, 72 S.Ct. at 19. Because in this case the limitations period began to run on May 1, 1991—the date of plaintiff's alleged injury—his cause of action was extinguished on May 1, 1993. *States Marine Corp. of Del. v. United States,* 283 F.2d 776, 778 (2d Cir.1960) ("The time-bar of the Suits in Admiralty Act renders a claim against the United States not only unenforceable, but extinguishes the claim itself...").

■ Congress did not address the scope or availability of equitable tolling for late claims under the SAA, but the majority of courts considering the issue have declined to toll the limitations period under the SAA. *E.g., Szyka v. United States Secretary of Defense,* 525 F.2d 62, 65 (2d Cir.1975); *Raziano v. United States,* 999 F.2d 1539, 1541 (11th Cir.1993); *Smith v. United States,* 873 F.2d 218, 221–22 (9th Cir.1989). The Fifth Circuit has stated that

> In general, a court may toll the SAA's limitations period if doing so would not defeat the statute's legislative purpose, which is to encourage parties with claims against the government to present their claims promptly and diligently, or if injustice to the plaintiff would result.

*Favorite v. Marine Personnel and Provisioning, Inc.,* 955 F.2d 382, 389 (5th Cir. 1992).

Even if this court were to recognize the availability of equitable tolling under the SAA, plaintiff has failed to persuade the court that he filed his claim "promptly and diligently"; to the contrary, after being notified by MARAD that he should file an administrative claim, plaintiff waited approximately six months to file an incomplete claim, while fully aware that the statute of limitations on his claim would run three weeks from the date of his filing. Nor is there any evidence indicating that the delay in filing was due to his adversary's conduct—once Morales filed his claim, MARAD responded to it promptly.

Accordingly, this action is dismissed on the additional ground that the statute of limitations on plaintiff's claim has run.

### CONCLUSION

In sum, for all the reasons stated above, this court lacks subject matter jurisdiction over plaintiff's Complaint and the action accordingly is dismissed.

SO ORDERED.