Carlos **FERREIRO**, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

No. 95–2634–CIV.

United States District Court, S.D. Florida.

July 1, 1996.

Jorge Silva, Silva & Silva, P.A., Miami, FL, for Plaintiff.

Damon Miller, Torts Branch, Civil Division, Department of Justice, Washington, D.C., for Defendant.

## ORDER GRANTING MOTION TO DISMISS

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Defendant United States' Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6), filed February 26, 1996. For the reasons set forth below, the Court grants the government's motion and dismisses the action with prejudice.

### Background

According to the complaint, Plaintiff Carlos Ferreiro, a passenger aboard a United States Customs Service vessel, sustained injuries when the vessel collided with a second United States Customs Service vessel in October of 1993. The plaintiff initiated this action in November of 1995 under the Federal Tort Claims Act, Title 28, United States Code, Section 2671 *et seq.* ("the FTCA") following unsuccessful settlement negotiations with the government. The government filed its motion to dismiss contending that admiralty actions are expressly excluded from the FTCA and instead should be brought under the Public Vessels Act, Title 46, United States Code Appendix, Section 781 *et seq.* ("the PVA"). The government further contends that, under the PVA, this action would be time-barred. In response, the plaintiff asserts that the statute of limitations was

equitably tolled during the settlement negotiations.

**Standard of Review for Motion to Dismiss**

■ To state a claim, *Fed.R.Civ.P.* 8(a) requires, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." The court must "take the material allegations of the complaint and its incorporated exhibits as true, and liberally construe the complaint in favor of the Plaintiff." *Burch v. Apalachee Community Mental Health Services, Inc.,* 840 F.2d 797, 798 (11th Cir.1988) (citation omitted), *aff'd,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). The law in this Circuit is well-settled that "the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir.1988) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)), *cert. denied,* 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). The moving party bears a heavy burden. *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.,* 795 F.2d 948, 953 (11th Cir.1986).

**Discussion**

■ It is well established that the United States is immune from suit unless a statute expressly waives the government's sovereign immunity. *United States v. Clarke,* 33 U.S. (8 Pet.) 436, 443, 8 L.Ed. 1001 (1834); *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980). While the FTCA waives the government's immunity in certain tort actions, it specifically excludes from this waiver admiralty actions. In pertinent part, the FTCA provides that "this chapter and section 1346(b) of this title shall not apply to ... (d) any claim for which a remedy is provided by ... [the Suits in Admiralty Act, Title 46, United States Code Appendix, Section 741 *et seq.* ("the SAA") or the PVA], relating to claims or suits in admiralty against the United States." 28 U.S.C. § 2680(d).

The PVA provides a waiver of sovereign immunity to permit suits "for damages caused by a public vessel of the United States." 46 U.S.C.App. § 781. The plaintiff concedes that its action should have been brought under the PVA, but argues that the complaint is sufficient on its face to state a cause of action under the PVA and should survive the motion to dismiss despite the statutory reference to the FTCA. Assuming *arguendo* that the complaint fairly states a claim under the PVA, the Court shall address the government's contention that the action is time-barred under the PVA.

■ Suits brought under the PVA are "subject to and proceed in accordance with the provisions of [the SAA], insofar as [these provisions] are not inconsistent...." 46 U.S.C.App. § 782. Under the PVA, therefore, a plaintiff must bring suit pursuant to the SAA's two year statute of limitations. 46 U.S.C.App. § 745. The statute of limitations begins running on the date of the injury. *McMahon v. United States,* 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951). In this case, the plaintiff sustained his alleged injuries on October 28, 1993. He did not file suit, however, until November 27, 1995, two years and a month after the date of injury. Based upon such timing, the plaintiff's complaint would be subject to dismissal.

■ The plaintiff contends, however, that the statute of limitations was equitably tolled during the settlement negotiations because the government attorney handling this action provided the plaintiff with inaccurate information regarding the proper procedure for pursuing his claim. In support of the plaintiff's contention, the record contains correspondence between the government and the plaintiff's attorney in which the government states that the plaintiff should proceed under the FTCA and within its time limits.[1] These circumstances, however, do not give rise to the application of the doctrine of equitable tolling. The doctrine is applied "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by

---

1. Under the FTCA, the plaintiff's action would not be time-barred.

his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990); *Raziano v. United States*, 999 F.2d 1539, 1541 (11th Cir.1993). Equitable tolling is inapplicable to "late filings where the claimant failed to exercise due diligence in preserving his legal rights" or for "what is at best a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96, 111 S.Ct. at 458. Courts consistently have refused to apply the doctrine where an adversary's misrepresentation caused a plaintiff to allow a filing period to lapse. *See, e.g., Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959); *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); *First Alabama Bank, N.A. v. United States*, 981 F.2d 1226 (11th Cir.1993). The government's erroneous assumption that the FTCA applied to the plaintiff's claim did not relieve the plaintiff of his obligation to "exercise due diligence in preserving his legal rights." *See Irwin*, 498 U.S. at 96, 111 S.Ct. at 458. Since the plaintiff has failed to demonstrate that he was "tricked by his adversary's misconduct into allowing the filing deadline to pass," the Court declines to apply the doctrine of equitable tolling. *See Irwin*, 498 U.S. at 95–96, 111 S.Ct. at 458. Therefore, the statute of limitations precludes the plaintiff from maintaining this action. Since no set of facts would entitle the plaintiff to relief, the Court dismisses the complaint with prejudice.

## Conclusion

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that this action is DISMISSED WITH PREJUDICE. Since this case requires no further action by this Court, this case is CLOSED.

DONE AND ORDERED.