Glenn HOREN, et. al.,
Plaintiffs/Appellants,

v.

BOARD OF EDUCATION OF the TOLEDO CITY SCHOOL DISTRICT,
et. al, Defendants/Appellees.

No. 3:07CV03779.

United States District Court,
N.D. Ohio,
Western Division.

July 30, 2008.

Glenn S. Horen, Toledo, OH, pro se.

Joanne E. Horen, Toledo, OH, pro se.

Lisa E. Pizza, Randy L. Meyer, Spengler Nathanson, Toledo, OH, Scott M. Campbell, Office of the Attorney General, Education Section, Columbus, OH, for Defendants/Appellees.

## ORDER

JAMES G. CARR, Chief Judge.

This case is the outcome of Joanne and Glenn Horen's due process complaint. Filed under the Individuals With Disabilities Education Act [IDEA], 20 U.S.C. §§ 1415 and its correlative state provision, O.R.C. § 3323.05, the complaint, which the Horens instituted on behalf of their minor daughter, D.H., alleged that Toledo Public Schools (TPS or the Board) denied their daughter a free appropriate public education and committed other violations of the applicable statutes. Subsequent appeals and motions bring the case to this court.

Defendants TPS and the Ohio Department of Education (the ODE or the Department) move for dismissal (Docs. 9 & 12), arguing that the Horens failed to properly file their appeal within the state system, thereby depriving the state court, and by extension this court, of jurisdiction. The Department also objects that it is not a proper party. Because I agree that plaintiffs' filing error precludes jurisdiction, I grant the motions to dismiss.

### Background

In August, 2006, the Horens filed their due process complaint under 20 U.S.C. §§ 1400, et seq., O.R.C. §§ 5104.01, et

seq., O.R.C. §§ 3323.05 et seq., and the implementing regulations at 34 C.F.R. 300.1 et seq. and O.A.C. 3301–51–01 et seq. The complaint resulted in a hearing, for which the ODE appointed an Impartial Hearing Officer (IHO) per O.R.C. § 3323.05(G)(1)(c). Both TPS and the Horens appealed the IHO's decision, leading the ODE to appoint a State Level Review Officer (SLRO) to hear the appeal. During this appeal, the Horens also named the ODE as a defendant, alleging due process violations under IDEA. On October 5, 2007, the SLRO issued a decision dismissing claims against the ODE for lack of jurisdiction.

The Horens appealed the SLRO decision, filing an original notice of appeal with the Lucas County, Ohio, Court of Common Pleas on November 16, 2007. According to Ms. Horen's affidavit, plaintiffs also mailed a notice of appeal to the ODE. Christine Cline, the Mediation/Due Process Coordinator in the Procedural Safeguards Section of the ODE's Office for Exceptional Children, stated that the Department later received a notice of appeal, via U.S. Mail. A stamp indicates that the Department received the notice on November 23, 2007. (Doc. 12–2 at 3).[1] The Board removed the Horens appeal to this court on December 11, 2007. (Doc. 1).

## Discussion

### 1. Standard of Review

Though neither defendant specifies the statutory basis for its motion to dismiss, I interpret both motions as requests for dismissal under Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction). *Cf. Molina v. Bd. of Educ. of Sch. Dist. for City of Detroit,* 2007 WL 4454928 (E.D.Mich.) ("A Rule 12(b)(1) motion may be appropriate when a plaintiff has failed to exhaust administrative remedies that are a prerequisite to his suit."); *cf. also Morales v. U.S.,* 866 F.Supp. 84, 84–86 (E.D.N.Y.1993) (dismissal under 12(b)(1) for improperly filed suit); *Hughes v. Ohio Dep't of Commerce,* 114 Ohio St.3d 47, 52, 868 N.E.2d 246 (2007) ("If a certified copy had been served ... the common pleas court still would have lacked jurisdiction because Hughes did not properly file her notice of appeal.").

It is important to note the distinction between "12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir.1996) (quoting *Mortensen v. First Fed. Savings and Loan Ass'n,* 549 F.2d 884, 890 (3d Cir.1977)). A court's analysis when a Rule 12(b)(1) motion challenges subject matter jurisdiction differs greatly from its review of a Rule 12(b)(6) or Rule 56 motion "[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case." *Id.* As a result "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

The burden of proof to show that jurisdiction exists rests with the plaintiff, no presumption of truth attaches to the plaintiff's allegation, and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

### 2. Filing Error

The Horens appealed the SLRO's decision under O.R.C. §§ 119.12 and 3323.05.

---

1. The Board also filed its own Notice of Appeal and Complaint in this court. (Doc. 1 in case 3:07–cv–03631). I consolidated the cases on February 6, 2008. (Doc. 10).

In reaction to the requirements of the federal IDEA, 20 U.S.C. §§ 1415, et seq., Ohio created § 3323.05 of the Revised Code, which aims to institute and guarantee "procedural safeguards . . . with respect to a free appropriate public education." In O.R.C. § 3323.05(G)(1), the General Assembly called on the Ohio Board of Education to establish "[a]n opportunity for parents or a school district to present a due process complaint and request for a due process hearing to the superintendent of the school district . . . with respect to . . . the provision of a free appropriate public education." The statute also provides parties to a complaint with an opportunity to appeal the "findings and decision rendered" in a hearing "within forty-five days of notification of the decision to the state board." O.R.C. § 3323.05(H). For the appeal, the Board appoints "a state level officer who shall review the case and issue a final order." *Id.*

In a similar manner, either party can appeal the final order in accordance with O.R.C. § 119.12 "within forty-five days after notification of the order to the court of common pleas in the county in which the child's school district of residence is located."[2] O.R.C. § 3323.05(H); see also O.A.C. § 3301–51–08(I).

Section 119.12, dictates how a party adversely affected by a final agency order issued under an adjudication can appeal the order. The statute specifies that the party "shall file a notice of appeal with the agency setting forth the order appealed from and the grounds for the party's appeal" and that "[a] copy of the notice of appeal shall also be filed by the appellant with the court." O.R.C. § 119.12.

Interpreting these instructions, the Supreme Court of Ohio held that "the notice of appeal filed with the agency and the notice of appeal filed with the common pleas court are distinct documents." *Hughes v. Ohio Dep't of Commerce,* 114 Ohio St.3d 47, 52, 868 N.E.2d 246 (2007) (citing *Nibert v. Ohio Dep't of Rehab. & Corr.,* 84 Ohio St.3d 100, 702 N.E.2d 70 (1998)). In *Hughes,* the plaintiff received notice of the Ohio Department of Commerce's intent to remove her from her job. *Id.* at 48, 868 N.E.2d 246. On the issuance of the agency's final order of removal, Hughes appealed the decision. *Id.* In doing so, however, she filed her original notice of appeal with the court of common pleas and a photocopy with the agency. *Id.*

The Supreme Court of Ohio dismissed the case, in part due to Hughes's failure to file the original notice of appeal with the agency.[3] *Id.* at 52–53, 868 N.E.2d 246. Explaining "the failure to use the word 'original' in the notice of appeal rights and in O.R.C. § 119.12, when describing the notice of appeal to be filed with the agency, does not create an ambiguity in the statute," the court held that "the original notice of appeal was to be filed with the agency and that a copy of the notice of

---

**2.** The statute also permits an aggrieved party to appeal a final order "to a district court of the United States within ninety days after the date of the decision of the state level review officer, as provided in section 615(i)(2) of the 'Individuals with Disabilities Education Improvement Act of 2004,' 20 U.S.C. § 1415(i)(2)." O.R.C. § 3323.05(H).

**3.** Reversing the court of appeals, the Supreme Court of Ohio held that *both* the agency and

Hughes failed to follow proper procedures (the agency failing to issue a proper removal order, Hughes failing to properly file an appeal from such an order). *Hughes v. Ohio Dep't of Commerce,* 114 Ohio St.3d 47, 51–52, 868 N.E.2d 246 (2007). This arguably makes the court's decision regarding Hughes' failure dicta because, as an initial matter, the agency's removal error disposed of the case.

appeal was to be filed with the common pleas court." *Id.* at 52, 868 N.E.2d 246.

In contrast, the Horens claim that they made several "original" individually signed documents which the Lucas County clerk of courts stamped. According to plaintiffs, the apparently identical versions of the "notice of appeal" submitted into evidence by both defendants are the copies of the "original" that the Horens filed with the court and which *the court then copied* and sent to the ODE and TPS.[4]

The Horens erred in creating numerous "originals" instead of one (as the name implies) and failing to file "a copy" of that original with the court. This mistake may seem to elevate mere form over substance, but the Supreme Court of Ohio has expressly stated that a party adversely affected by an agency opinion must "strictly comply with O.R.C. § 119.12 in order to perfect an appeal." *Id.* at 52, 868 N.E.2d 246. The Horens failure to comply with O.R.C. § 119.12 deprived the Lucas County Court of Common Pleas of jurisdiction and by extension, deprives this court of jurisdiction as well. *See Fed. Nat. Mortg. Ass'n v. LeCrone,* 868 F.2d 190, 192 (6th Cir.1989) ("[T]he federal court's exercise of jurisdiction upon removal is derivative—if the state court from whence the action is removed had no jurisdiction then the federal court 'receives' none even if original jurisdiction in the federal court would have been proper.").

### 3. Statute of Limitations

■ Even if the Horens' failure to file an original notice of appeal with the agency and a copy of that original with the court did not require dismissal, the Horens also failed to meet the required deadline for filing the original with the state agency. *Cf. Brickwood Contractors, Inc. v.*

*U.S.,* 77 Fed.Cl. 624, 629 (2007) (concluding that "a defect in meeting the statute of limitations should be raised by a challenge to the court's jurisdiction. A challenge to the Court's jurisdiction is properly raised by a Rule 12(b)(1) motion").

■ The Revised Code explains that "[a]ny party aggrieved by the final order of the state level officer may appeal the final order, in accordance with Chapter 119 of the Revised Code, within forty-five days." O.R.C. § 3323.05. Chapter 119 requires an aggrieved party to file: 1) a notice of appeal with the agency setting forth the order and 2) a copy of the notice with the court, within fifteen days. An appeal is perfected when the filing requirements are satisfied within the time limits set forth in the applicable statute. *See, e.g., Dudukovich v. Lorain Metro. Hous. Auth.,* 58 Ohio St.2d 202, 204–05, 389 N.E.2d 1113 (1979) (asserting that a court may assume jurisdiction over an appeal upon finding the aggrieved party properly filed notice with the agency and the court within the prescribed time limitations).

In this case, plaintiffs must have filed a notice appeal with ODE within forty-five days of the decision and filed a copy of the notice of appeal with the Lucas County Court of Common Pleas within fifteen days of that filing. In assessing the time requirements set forth, the key determination is if plaintiffs filed a notice of appeal with the ODE within forty-five days of the order.

Ms. Horen's affidavit provides that after she filed her notice with the court on November 16, 2007, she sent an additional "original" notice of appeal "to the ODE by regular U.S. Mail." (Doc. 9–2 at 3). Compliance with Chapter 119 requires appel-

---

**4.** The Horens support this argument by showing that the court sent a copy of the notice to the ODE. (*See* Doc. 15 at 18 ("Copy of Notice of Appeal Sent to the Following by Certified Mail")). However, there is no evidence that the ODE received the "original" the Horens claim to have sent to it.

lees to have received the notice by November 19, 2007. *Dudukovich, supra,* 58 Ohio St.2d at 204, 389 N.E.2d 1113 ("It is established that the act of depositing the notice in the mail, in itself, does not constitute a 'filing,' at least where the notice is not received until after the expiration of the prescribed time limit.").

The evidence shows that the ODE received the notice of appeal on November 23, 2007. Lacking evidence to support a finding that the ODE received an "original" notice of appeal on or before November 19, plaintiff failed to perfect the appeal within the statute of limitations.[5] The ODE's apparent failure to receive any notice until November 23—forty-nine days after the Horens argue that the appeal window began to run—means the Horens' appeal is untimely and barred by O.R.C. §§ 119.12 and 3323.05(H).

### 4. The ODE as a Proper Party to the Appeal

■■ The ODE also moves for dismissal as a party to this appeal because it was not a party to earlier administrative proceedings. Additionally, the ODE alleges it could not be a party to earlier administrative proceedings because no federal statutory provision authorizes the Department to be named a party in a due process complaint. Rather, the ODE argues its role as a *facilitator* of due process proceedings means a plaintiff cannot name it a party under federal and state law. I agree that plaintiffs' inclusion of the ODE as a party to this appeal is in error. As the State Education Agency (SEA), the ODE cannot be a party to *this* action because the Horens failed to name it in earlier administrative proceedings. First, defendant TPS and defendant ODE were not the same party during earlier administrative proceedings.[6] Plaintiffs asserting disputes against a state department of education may bring claims solely against the department, or jointly with charges against the local board of education. *Whitehead By and Through Whitehead v. Sch. Bd. for Hillsborough County,* 932 F.Supp. 1393, 1396 (M.D.Fla.1996). However, plaintiffs may not try to "piggyback" a claim against the DOE onto an appeal from an administrative proceeding against TPS. *Cf. id.; see also McGraw v. Bd. of Educ. of Montgomery County,* 952 F.Supp. 248, 254–55 (D.Md.1997) (noting that the state department of education "was not a party to the administrative proceedings that are on appeal in this Court, no claims were raised against the State defendants in those proceedings, and thus no issues regarding the State Defendants' conduct should be included in an appeal in this case"). Because my jurisdiction over claims arising out of IDEA disputes is appellate in nature, joining the ODE as a party on appeal may produce new claims and improperly result in new issues before me for review. *See McGraw, supra,* 952 F.Supp. at 255 ("[T]he fact that the State defendants were not even parties in the administrative proceedings demonstrates that Plaintiffs' complaints before this Court differ from those at the administrative hearing in aspects beyond merely the introduction of additional evidence.").

■■ Furthermore, the IDEA requires an aggrieved party to exhaust the adminis-

---

5. November 19 is also the *earliest* the ODE could have received the notice of appeal. Ms. Horen's affidavit does not say when she mailed the "original" to the ODE, but the earliest she could have sent it was Friday, November 16 (the date on which she filed the notice of appeal with the court), making the ODE's earliest possible receipt the following Monday.

6. By attempting to join ODE to an appeal of the initial due process hearing, plaintiffs recognized the possibility of distinct liabilities between the ODE and TPS. In that action, the SLRO dismissed the ODE.

trative remedies provided by 20 U.S.C. § 1415 before bringing an action in federal court.[7] *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir.2000); *see also Long v. Dawson Springs Indep. Sch. Dist.*, 197 Fed.Appx. 427, 431, 2006 WL 2472899 (6th Cir.2006) (unpublished disposition) ("Based on the plain language of the IDEA amendment ... we conclude that [plaintiff] must first exhaust her administrative procedure before suing in federal court."). Requiring that parties exhaust administrative remedies in advance of judicial proceedings promotes: agency autonomy and efficiency; a better informed, complete, and accurate record; and judicial economy. *See, e.g., Arctic Express, Inc. v. U.S. Dep't of Transp.*, 194 F.3d 767, 769 (6th Cir.1999) (explaining the general purpose of the administrative exhaustion doctrine); *Ezratty v. P.R.*, 648 F.2d 770, 774 (1st Cir.1981); *Mitchell, v. Walter*, 538 F.Supp. 1111, 1113 (S.D.Ohio 1982); *see also Whitehead, supra*, 932 F.Supp. at 1396 (noting administrative remedy requirements "provide state agencies an opportunity to resolve system defects without unnecessary judicial involvement").

The Horens first introduced a complaint against the ODE during their appeal of the IHO's decision. As a result, plaintiffs denied the ODE the opportunity to remedy any claim against it by not including the ODE in the initial dispute or bringing a separate due process claim against the ODE.[8] Therefore, even if plaintiffs had filed their appeal properly, I would dismiss the ODE because defendant TPS and de-

fendant ODE were not the same party during earlier administrative proceedings and the Horens failed to exhaust administrative remedies vis-à-vis the ODE as required under the IDEA.

### Conclusion

For the foregoing reasons, it is therefore,

ORDERED that the defendants' motions to dismiss (Docs. 9 & 12) be, and the same hereby are, granted.

So ordered.

---

7. Courts have recognized an exception to the exhaustion requirements under IDEA in cases where the exercise of state administrative remedies would be futile. *Mitchell, v. Walter*, 538 F.Supp. 1111, 1115 (S.D.Ohio 1982). In such cases, "[t]he dispute over exhaustion reduces to one issue: whether there is a meaningful administrative enforcement mechanism for the vindication of personal rights ... It is a well-established principle of administrative law that exhaustion is not required if the only available administrative remedy is plainly inadequate." *Riley v. Ambach*, 668 F.2d 635, 641 (2d Cir.1981) (quoting *Patton v. Dumpson*, 498 F.Supp. 933, 940 (S.D.N.Y.1980)).

8. Section 300.153 provides procedures for an individual to file a complaint that a "public agency has violated a requirement of Part B of the Act." 34 C.F.R. § 300.153.