[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12437
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-21807-CV-ASG

MICHAEL D. ARRINGTON,

Plaintiff-Appellant,

versus

UNITED PARCEL SERVICE,
et al.,
CHAROLETTE SUNDQUIST,
RON MCDADE,
THORSEN UPPERMAN,
MARK DODDS, et. al.,

Defendants-Appellees,

MIKE ESKEW,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 10, 2010)

Before TJOFLAT, EDMONDSON, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Michael D. Arrington, proceeding pro se, appeals the denial of his Rule 60(b)(6) motion for relief from judgment. Fed.R.Civ.P. 60(b)(6). No reversible error has been shown; we affirm.

On 24 June 2008, Arrington filed a civil complaint against his former employer, United Parcel Service ("UPS") and several UPS employees alleging employment-related claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a), the Americans With Disabilities Act, 42 U.S.C. § 1211(a), (b)(5)(A), the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1), and under Florida law. According to the amended complaint, Arrington suffered these alleged violations during his tenure at UPS from 14 February 2001 until 6 October 2002.[*] Attached to the complaint was a right-to-sue letter issued on 30 June 2003 by the Equal Employment Opportunity Commission. The district court dismissed all claims with prejudice as time-barred under the applicable statutes of limitation.

Arrington sought -- and was denied -- relief pursuant to Rule 60(b)(6); he appeals that denial. According to Arrington, his delay in initiating the underlying suit was a consequence of his financial difficulties, his inability to work due to

_____

[*]Arrington had filed a complaint raising these claims in 2003; that complaint was dismissed without prejudice for failure to prosecute.

2

medical problems, his pro se status, and his failure to secure legal assistance. Arrington argues that these impediments to his filing excuse the delay; the district court should have equitably tolled the limitations period.

We review the denial of a Rule 60(b)(6) motion for an abuse of discretion. Crapp v. City of Miami Beach, 242 F.3d 1017, 1019 (11th Cir. 2001). Relief from judgment under the catchall provision of Rule 60(b)(6) may be based on any reason that justifies such relief and is not otherwise set out in Rule 60(b). But relief under this clause is extraordinary and requires exceptional circumstances. See Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). And even when circumstances are sufficiently extraordinary to warrant relief, the grant or denial of relief is a matter for the district court's sound discretion. See Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). So a district court's denial of a Rule 60(b) motion will not be overturned unless the appellant demonstrates that the district court was required to grant relief. Id.

Arrington fails to show that denial of relief was an abuse of discretion. See id. (party appealing denial of equitable tolling bears heavy burden on appeal). While statutes of limitation generally are subject to equitable tolling, see United States v. Locke, 105 S.Ct. 1785, 1792 n.10 (1985), equitable tolling "is an extraordinary remedy which should be extended only sparingly," Bost v. Federal

Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) (quotation omitted); it is appropriate only when a plaintiff's untimely filing is due to "*extraordinary circumstances* that are both beyond his control and unavoidable even with diligence." Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006) (quotation omitted).

When the district court dismissed Arrington's complaint as untimely, the court expressly stated that it had evaluated whether the applicable statutes of limitation were due to be tolled under the circumstances of the case. Again, in denying Arrington's Rule 60(b)(6) motion, the district court concluded expressly that Arrington failed to show sufficient diligence in his efforts to comply with the limitations periods. Arrington's initial filing of these claims was dismissed in 2004; he failed to re-file until 2008. Arrington's vague and conclusory references to financial difficulties, his pro se status, his inability to work due to physical and medical problems, and his inability to secure counsel fail to demonstrate that extraordinary circumstances sufficient to require equitable tolling existed throughout the four-year period Arrington failed to re-file, see Cano, 435 F.3d at 1342; and, Arrington failed to demonstrate that he exercised due diligence in pursuing his claims during the limitations periods. See Raziano v. United States, 999 F.2d 1539, 1541 (11th Cir. 1993).

The district court committed no abuse of discretion in denying Arrington's Rule 60(b)(6) motion for relief.

AFFIRMED.