DELTA COMMERCIAL FISHERIES
ASSOCIATION, et al.

v.

GULF OF MEXICO FISHERY
MANAGEMENT COUNCIL,
et al.

No. CIV.A.02–2589.

United States District Court,
E.D. Louisiana.

April 23, 2003.

Laurence Kevin Coleman, L. Kevin Coleman, Attorney at Law, New Orleans, LA, James F. Gasquet, III, Law Office of James Gasquet, III, LLC, Buras, LA, for Delta Commercial Fisheries Association, John E Thompson, plaintiffs.

Kathryn Weekley Becnel, U.S. Attorney's Office, New Orleans, LA, Mark A. Brown, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, for Gulf of Mexico Fishery Management Council, U.S. Department of Commerce, Donald L. Evans, as Secretary of, defendants.

### ORDER AND REASONS

LEMELLE, District Judge.

Before this Court is Defendants' Motion to Dismiss (Rec.Doc. No. 3). Defendants Gulf of Mexico Fishery Management Council and Secretary of Commerce, Donald L. Evans move to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1), and 12(b)(6). The Court has reviewed the complaint, Defendants' motion and memorandum in support of dismissal, along with all attached exhibits, the Plaintiffs' memorandum in opposition to motion for dismissal, and Defendants' reply. For the following reasons, the motion is **GRANTED**.

*Background:*

The Gulf of Mexico Fishery Management Council is established as one of eight Regional Fishery Councils by the Magnuson–Stevens Fishery and Conservation Act.[1] The purpose of these councils is to "prevent overfishing, to rebuild overfished stocks, to insure conservation, to facilitate long-term protection of essential fish habitats, and to realize the full potential of the Nation's fishery resources."[2] Under this act, the Secretary of Commerce is authorized to appoint members representing the aquaculture, recreational and commercial fishing interests of each of the region's coastal states.[3]

---

1. 16 U.S.C. 1852

2. 16 U.S.C. 1801(a)(6)

3. 16 U.S.C. 1852(b)(1)

The Act establishes The Gulf of Mexico Fishery Management Council which consists of the States of Texas, Louisiana, Mississippi, Alabama, and Florida. The Gulf Council has 17 voting members, including 11 who are appointed by the Secretary including at least one from each member State.[4] Each member appointed by the Secretary must be "individuals who, by reason of their occupational or other experience, scientific expertise, or training, are knowledgeable regarding the conservation and management, or the commercial or recreational harvest, of the fishery resources of the geographical area concerned."[5] The Secretary is directed in making appointments, to "ensure a fair and balanced apportionment...of the active participants (or their representatives) in the commercial and recreational fisheries...to the extent practicable."[6]

The Governor of each member state is responsible for submitting a list of qualified individuals to the Secretary. It is the Governor's responsibility, "to the extent practicable", to consult with representatives of the commercial and recreational fishing interests of the State regarding the proposed individuals.[7] The Governor shall submit the names of not less than three qualified individuals for each applicable vacancy. Governors must provide biographical data and an explanation of how each individual meets the requirements of the statute.[8]

The Secretary's responsibility is to review the lists submitted by each Governor to ascertain if the individuals on the list are qualified for the vacancy on the basis of the statute. If the Secretary determines that a submitted individual is not qualified under the statute, the Secretary is responsible for notifying the appropriate Governor. The Governor must submit a revised list or resubmit the original list with additional explanations as to the qualifications of the questionable candidate.[9]

Once the Secretary makes a determination of appointment to a Council, a public announcement of such appointment is made not less than 45 days before the first day the individual takes office as a member of the Council.[10]

The councils are responsible for managing fishery resources by creating plans for the stocks of fish which require conservation and management.[11] The Act allows for public input into these plans at council meetings and public hearings.[12] Additionally, advisory panels and committees are authorized to gather public comment and distill the issues.[13] The plans are implemented by regulation, and once the Secretary of Commerce has certified that the plan is consistent with the Act's stated National Standards and other applicable law, the regulations are enforceable law.

Plaintiffs filed suit on August 20, 2002, challenging the composition of the Gulf of Mexico Fishery Management Council. Plaintiffs represent commercial fishing and claim that their interests have been underrepresented on the council for a number of terms.

***Contentions of Movant:***

Defendants claim that the United States has not waived sovereign immunity, and

---

4. 16 U.S.C. 1852(a)(1)(E)

5. 16 U.S.C. 1852(b)(2)(A)

6. 16 U.S.C. 1852(b)(2)(B)

7. 16 U.S.C. 1852(b)(2)(C)

8. *Id.*

9. *Id.*

10. 16 U.S.C. 1852(b)(2)(D)

11. 16 U.S.C. 1852(h)(1)

12. 16 U.S.C. 1852(h)(3)

13. 16 U.S.C. 1852(g)(3)(a-b)

the Plaintiffs lack standing to bring this action. Additionally, Defendants claim that the Magnuson–Stevens Act does not provide for private rights of action. Thus, the complaint should be dismissed in its entirety under 12(b)(1) and 12(b)(6).

### Contentions of Respondent:

Plaintiffs requested declaratory and injunctive relief regarding the composition of the Gulf of Mexico Fishery Management Council arguing that, in violation of 1852(b), the Council has a disproportionate number of recreational members as compared to commercial members. Plaintiffs do not challenge any plan of the Council, any specific appointment, any regulation of the Secretary of Commerce, any action taken in the implementation of any such regulation, nor any enforcement action taken against Plaintiffs.

Plaintiffs argue that 16 U.S.C. 1861(d) is a broad grant of jurisdiction to the Federal Courts. Further, Plaintiffs contend that they have standing as "a group of commercial fishers who make their living fishing within the jurisdiction of the Gulf Council."[14] As such, Plaintiffs are subject to the "harsh and severe penalties for violations of regulations issued by the Secretary, regulations issued upon recommendations of the Councils."[15] Therefore, Plaintiffs conclude that they "can be substantially and very adversely affected by decisions made by the Gulf Council."[16] Finally, Plaintiff's argue that 16 U.S.C. 1861(d) does not limit the scope of parties who may bring action, thus providing for a private right of action.

### Standard of Review:

Rule 12(b)(1) allows defendants to file a motion to dismiss for lack of subject matter jurisdiction. In the present action, defendants claim lack of subject matter jurisdiction due to sovereign immunity and the plaintiff's lack of standing.

██ The United States, in the absence of its consent, is immune from suit.[17] Furthermore, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[18] A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed."[19] Therefore, in analyzing whether Congress has waived the immunity of the United States, waivers must be construed strictly in favor of the sovereign,[20] and not enlarged "beyond what the language requires."[21]

██ In order to show standing, plaintiffs must have suffered an "injury in fact." This requirement is defined as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical.'"[22] Second, the alleged injury must be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action

14. Plaintiff's Memorandum in Opposition, p. 4.

15. *Id.*

16. *Id.*

17. *See United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

18. *Id.* at 586, 61 S.Ct. 767.

19. *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

20. *See McMahon v. United States,* 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26 (1951).

21. *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685–686, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983); *Eastern Transportation Co. v. United States,* 272 U.S. 675, 686, 47 S.Ct. 289, 71 L.Ed. 472 (1927).

22. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). (Internal citations omitted).

of some third party not before the court."[23] Finally, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' "[24]

Once jurisdiction has been established, the merits of the claims can be addressed. Rule 12(b)(6) allows for defendants to file a motion to dismiss for failure to state a claim upon which relief can be granted. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[25] For the purposes of 12(b)(6), the Court must look to the four corners of the pleadings and accept well pleaded allegations as true.[26] All allegations "should be construed favorably to the pleader."[27]

***Analysis:***

■ Plaintiffs claim that the Federal Government, through the Gulf of Mexico Fishery Management Council and the Secretary of Commerce, Donald L. Evans, has violated 16 U.S.C. 1852. Section 1852 contains a specific subsection regarding procedure. Although this section provides for public notice of all hearings and the opportunity for public comment in writing or orally at a public hearing, there is no provision for challenging the appointment of an individual member, nor the composition of the Council as a whole.[28] Therefore, 1852 does not waive sovereign immunity.

■ Defendants argue that the only waiver of sovereign immunity in the Act is found in 1855 which fails to cover the action brought by Plaintiffs. 16 U.S.C. 1855(f) provides for the judicial review of "regulations promulgated by the Secretary"[29] and "actions that are taken by the Secretary under regulations which implement a fishery management plan."[30] The composition of the Fishery Management Council is pursuant to 16 U.S.C. 1852 itself and not a regulation promulgated by the Secretary or the implementation of such a regulation. Therefore, challenge to the composition of the Fishery Management Council is not provided for in the Magnuson–Stevens Act.

■ Plaintiffs argue that 16 U.S.C. 1861(d) is a broad grant of jurisdiction to the Federal Courts. Plaintiffs further argue that the Courts have recognized that 1861(d) applies to "any case or controversy arising under the provisions of this chapter."[31] Plaintiff argues that this language applies 1861(d) to the entirety of the Magnuson–Stevens Act and therefore waives sovereign immunity as to any action arising under the Act.

Section 1861(d) provides that "The district courts of the United States shall have exclusive jurisdiction over any case or controversy arising under the provisions of this chapter.... Any such court may, at any time—(1) enter restraining orders or prohibitions (2) issue warrants, process in rem, or other process; (3) Prescribe and accept satisfactory bonds or other security;

23. *Id.* (Internal citations omitted).

24. *Id.* at 560–561, 112 S.Ct. 2130. (Internal citations omitted).

25. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

26. *St. Paul Ins. Of Bellaire Texas v. AFIA Worldwide Ins. Co.,* 937 F.2d 274, 279 (5th Cir.1991).

27. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

28. 16 U.S.C. 1852(1)

29. 16 U.S.C. 1855(f)(1)

30. 16 U.S.C. 1855(f)(2)

31. *Kramer v. Mosbacher,* 878 F.2d 134, 136 (4 Cir.1989).

and (4) take such other actions as are in the interests of justice."

As Plaintiffs have contended, the Court in *Kramer* acknowledged that "the sweep of § 1861(d) is broad, as it includes 'any case or controversy arising under' the Magnuson Act." However, as Defendants point out in their Reply Memorandum, Plaintiffs ignored the next sentence. "Courts, however, in reading the statute as a whole, have recognized that review under the terms of § 1861(d) has been generally restricted to direct enforcement actions, usually involving the seizure and condemnation of vessels." [32] Further, the Court acknowledged that "it has been held that a review of regulations, normally considered only under § 1855(d), can be brought under the wider domain of § 1861(d), if, as part of an enforcement proceeding defense, a collateral attack is made on the regulations which form the basis of the enforcement action." [33]

Finally, as to the Plaintiff's argument that 1861(d)'s language "arising under the provisions of this chapter" requires the application of the waiver of sovereign immunity to all provisions of the Magnuson–Stevens Act, 1861(h)(1) provides the following definition: "The term 'provisions of this chapter' includes (A) any regulation or permit issued pursuant to this chapter, and (B) any provision of, or regulation issued pursuant to, any international fishery agreement under which foreign fishing is authorized by section 1821(b) or (c) of this title, or section 1824(d) of this title, with respect to fishing subject to the exclusive fishery management authority of the United States."

Plaintiff has provided no support for the United States' waiver of sovereign immunity as applied to this case beyond the language of 16 U.S.C. 1861 and the case of *Kramer*. This Court has not been able to independently identify any support for its jurisdiction over challenges to the composition of Fishery Management Councils. The instant case is not a response to an enforcement action, nor does it meet the definition of "under this provision" to subject it to the broad language of 1861(d). Further, the instant case is not a challenge to a regulation promulgated by the Secretary which would be properly brought under 1855. Absent a waiver of sovereign immunity, the challenges to Plaintiff's standing and right of private action are moot.

WHEREFORE, after reviewing the complaint, Defendants' motion and memorandum in support of dismissal, along with all attached exhibits, the Plaintiffs' memorandum in opposition to motion for dismissal, Defendants' reply, and applicable laws, this Court concludes that the Magnuson–Stevens Act does not contain a waiver of sovereign immunity as to challenges regarding the composition of Fishery Management Councils. Accordingly

**IT IS ORDERED** that Defendants' Motion to Dismiss is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be dismissed in its entirety for lack of subject matter jurisdiction.

---

**32.** *Id.*

**33.** *Id.*