EMILIO M. GARZA, Circuit Judge,
dissenting:
The majority concludes that “an FTCA notice of claim need not be filed by a party with the legal authority or capacity under state law to represent the beneficiaries’ interests in state court.” Ante at 451. Under this errant view of the law, any person, regardless of his or her connection to the actual claimant or the claim, could satisfy the jurisdictional notice-of-claim prerequisite in 28 U.S.C. § 2675(a). The majority’s conclusion shows little regard for the United States’ limited waiver of its sovereign immunity for personal injury or death claims under “circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred,” 28 U.S.C. § 1346(b)(1) (emphasis added), and fails to give meaningful weight to the term “claimant” as understood in our controlling precedents and the text of 28 U.S.C. § 2675(a). As our precedents and the statute make clear, the party filing a notice-of-claim must have the legal authority to press the claim asserted. In this appeal there is no dispute that Denise Pleasant, as adminis-tratrix of her deceased brother’s estate, did not have the legal authority to bring claims on behalf of his children. Ante at 448. Therefore, the children’s claims were not properly presented to the Veteran’s Administration (“VA”) for agency consideration within the meaning of § 2675(a).
Distilled, the question presented in this appeal is whether a party filing a notice-of-claim on behalf of other beneficiaries must have the legal authority to represent those beneficiaries. That is, whether a party lacking legal authority to assert claims on behalf of others may nonetheless act to preserve their claims for later adjudication in the federal courts. The answer begins with the text of 28 U.S.C. § 2675(a), which provides that “an action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing....” Id. (emphasis added). On its face, this language indicates that the person presenting the claim for agency review must be a person with control over the claim. The meaning of the word “claimant” is clarified by the inclusion of the phrase “his claim.” This result is additionally supported by the principle that “[sjtatutes waiving [the] sovereign immunity of the United States are to be ‘construed strictly in favor of the sovereign.’ ” Jeanmarie v. United States, 242 F.3d 600, 604 (5th Cir.2001) (quoting McMahon v. United States, 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26 (1951)).
Here, neither of the children timely presented to the VA notice of the claims arising out of their father’s death. While Pleasant filed a claim form that alerted the VA to existence of the claims, she had no legal authority to act on the children’s behalf. Significantly, Pleasant does not dispute this. Under Louisiana law, un-emancipated minors lack “the procedural capacity to sue”, La.Code Crv. P. art. 683(A), and must be represented by a tutor, id. art. 683(B) (“[T]he tutor is the proper plaintiff to sue to enforce a right of an unemancipated minor....”). “Upon the death of either parent, the tutorship of minor children belongs of right to the other,” unless a court appoints a substitute tutor. La. Civ.Code art. 250. Pleasant was not the children’s tutor, and her role as the administratrix of her brother’s estate did not bestow the legal right to “enforce a right of an unemancipated minor” *453 under Louisiana law. Thus, the “claimants” did not present their claim to the agency, and therefore did not satisfy the notice-of-claim prerequisite for federal jurisdiction. See 28 U.S.C. § 2675(a).
In reaching the opposite conclusion, the majority fails to address the meaning of the term “claimant” as used in the statute. Rather, today’s opinion exclusively relies on our precedents establishing only what is sufficient for “presenting” a claim under § 2675(a). In Transco Leasing Corp. v. United States, 896 F.2d 1435, 1442, amended on other grounds on reh’g, 905 F.2d 61 (5th Cir.1990), a bank was appointed executor of a pilot’s estate. The bank, as executor, filed a notice-of-claim for wrongful death claims on behalf of the pilot’s wife and daughter, who, in turn, did not file notices individually. The Transco court held that the bank’s notice-of-claim was sufficient to preserve the wife’s and daughter’s wrongful death claims. The Transco court held that “[a] claim is properly presented within the meaning of § 2675(a) when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim.” We have found these elements acceptable for “presentation” purposes because they are sufficient to “bring[ ] to the Government’s attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant.” Rise v. United States, 630 F.2d 1068, 1071 (5th Cir.1980). While Transco undoubtedly establishes that these are the only two requirements for properly presenting a claim, that case does not govern the issue before us — that is, the scope of the term “claimant.”
Although Transco addresses a distinct legal question from the case at bar, its analysis supports the position that a person filing notice of a claim under § 2675(a) must have actual legal authority to file that claim.
First, in holding that the Bank could validly file the notice-of-claim on behalf of the wife and daughter, the Transco court was directly guided by state law, finding that the Texas Wrongful Death Act “confers upon the executor of an estate the authority to pursue a wrongful death action [in place of the individuals entitled to bring such an action].” Transco, 896 F.2d at 1443. In other words, the bank’s notice of claim was sufficient to preserve the wife’s and daughter’s claims only because the bank possessed the legal authority to press those claims under state law. In concluding on this point, the court explicitly stated that “the Bank, as independent executor of [the Pilot’s] estate, is a legal representative authorized by state law to pursue claims for wrongful death on behalf of the statutory beneficiaries.” Id. at 1444. (emphasis added). Second, the Transco court found that “[t]he ‘claimants’ within the meaning of § 2675(a) are [the pilot’s] widow and daughter.” Id. at 1443. Later, the court wrote that the wife and daughter were the “actual claimants.” Id. Both of these references are couched directly within a discussion of the rights arising out of the Texas Wrongful Death Act. Accordingly, the majority’s conclusion that Transco “does not imply that an individual or entity filing a notice of claim on behalf of beneficiaries must have the legal authority under state law to pursue the beneficiaries’ legal rights in court,” ante at 450, is incorrect.
The requirement that a claimant under § 2675(a) have legal authority to file a notice-of-claim is further supported by the Eighth Circuit’s en banc decision in Mader v. United States, 654 F.3d 794 (8th Cir. 2011) (en banc). Mader holds that “a properly ‘presented’ claim under § 2675(a) must include evidence of a representative’s authority to act on behalf of the claim *454 beneficiaries under state law.” Id. at 803. Such authority is required because federal agencies are only authorized to settle claims under the FTCA in “circumstances where the United States, if a private person, would be liable to the claimant in accordance with applicable state law.” 28 U.S.C. § 1346(b)(1); Mader, 654 F.3d at 801 (emphasis added). The Mader court found that “under Nebraska law [which governed the wrongful death claim asserted by a widow for her husband’s death], a private tortfeasor cannot be legally liable to a non-personal representative for the wrongful death of a decedent,” id. at 801 (internal citations omitted), and therefore determined that evidence of the representative’s legal status under state law was essential to allow the government agency to decide whether to settle, and to legally effect any such settlement eventually reached. Significantly, the Mader court found that a representative’s actual authority to act on behalf of a claim’s beneficiaries under state law is “fundamental to the meaningful administrative consideration and settlement process contained in [§ 2675(a) ].” Id. at 803. For example, without proof of authority to press the claim, “any agreements with [the purported representative] on behalf of the claim’s beneficiaries, including a release of claims [for settlement], would have been ineffective.” Id. at 802. Therefore, actual authority to present a claim is not only implicit in the text of § 2675(a), but it is also essential to the scheme envisioned by Congress: The requirement allows federal agencies to reach final settlement for a limited class of tort claims before they can be brought in the judicial system. Id. at 803-804 (“[Proof of authority] is not a pointless administrative hurdle — it is fundamental to the meaningful administrative consideration and settlement process contemplated [in the FTCA].”). This purpose is frustrated if the filing party does not have the legal capacity to settle the claim.[1]
For the foregoing reasons, I would affirm the district court’s dismissal for lack of subject matter jurisdiction. Respectfully, I dissent.

. In an attempt to bolster today’s holding, the majority asserts that "Louisiana procedural law does not govern whether a claim is presented under the FTCA." Ante at 451 n. 9. This demonstrates the majority's continued misapprehension of the issue before the court. Without question, the procedural law governing claim presentation under the FTCA is the FTCA itself — the Act requires agency notice, sets the deadline for effecting such notice, and mandates that claims be presented as a precedent to federal jurisdiction. State law is relevant insofar as it gives substantive meaning to the term "claimant” as used in § 2675(a). This is the only function ascribed to Louisiana law by the statute. The majority’s approach does not give any meaning to the term "claimant,” allowing any person to file a claim^ — sufficient to create federal jurisdiction — on behalf of an injured party.
For this same reason, the majority's observation that, under Louisiana procedural law, "a party's lack of capacity ... ‘merely retards the progress of the action,' ” ante at 451 n. 9, is entirely beside the point. A plaintiff's ability, as in Jackson v. Hons. Auth. Of New Orleans, 478 So.2d 911 (La.Ct.App. 4th Cir. 1985), to later refile a previously dismissed complaint, now identifying the proper claimant (the tutor), while simultaneously benefiting from a toll of the prescription period, is not remotely germane to the FTCA's notice-of-claim provisions. Under § 2675(a), state law merely establishes who is properly considered a "claimant,” it does not usurp the FTCA's procedural requirements. Here, Louisiana law makes plain that minors may assert claims only through a legal tutor. Denise Pleasant was not the children's tutor, and therefore lacked capacity to assert their claims. Accordingly, the children — the actual "claimants" — never presented their claims to the VA.